468 So.2d 729 (1985)
STATE of Louisiana
v.
David TERRASE and Terry Ipock.
No. 84-KA-613, 84-KA-617.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1985.
Writ Denied June 17, 1985.
*730 John H. Craft, Gretna, for defendants-appellants.
Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for the State.
Before BOUTALL, BOWES and CURRAULT, JJ.
BOWES, Judge.
On February 8, 1984, a bill of information was filed charging David Terrase, Terry Ipock and a third defendant, with two counts of armed robbery (LSA-R.S. 14:64) and one count of attempted second degree murder (LSA-R.S. 14:27 and 14:30.1). Defendants Terrase and Ipock each pled guilty to one charge of armed robbery on April 2 and 3, 1984, respectively. The trial judge then ordered a pre-sentence investigation report on each of the two defendants. At the sentencing hearing on August 3, 1984, defendant Ipock moved to withdraw his plea of guilty. The motion was denied by the trial judge and, following the hearing, David Terrase was sentenced to twenty years at hard labor and Terry Ipock to ten years at hard labor, both terms to be served without benefit of parole, probation or suspension of sentence.
On appeal, appellants argue three assignments of error:
1) The court erred in denying Terry Ipock's motion to withdraw his plea of guilty.
2) The trial court erred in sentencing both appellants to excessive sentences.
3) The court failed to comply with [La.C. Cr.P.] Article 894.1 in sentencing appellants.
These assignments were not filed in the district court and, in the past, it has been the policy of this court that allegations of error appearing for the first time in brief would not be considered on appeal unless *731 they fell into the category of patent error. See State v. Laddin, 449 So.2d 691 (La. App. 5th Cir.1984). However, in a recent writ grant, the Louisiana Supreme Court has indicated that even assignments so filed should be considered. See State v. Stewart, 453 So.2d 1251 (La.App. 3rd Cir. 1984) writ granted 456 So.2d 1011 (La. 1984). Accordingly, the three errors assigned in brief shall be considered.

ASSIGNMENT OF ERROR NUMBER 1
The court erred in denying Terry Ipock's Motion to Withdraw his plea of guilty.
At the commencement of the sentencing hearing on August 3, 1984, Ipock sought to withdraw his plea of guilty to one count of armed robbery, alleging he was not guilty of armed robbery and that he only pled to the charge because he was "confused and upset." The court denied the defendant's motion, stating:
The defendant was aware at the time he entered the plea and negotiated and plea bargaining from two counts of attempttwo counts of armed robbery and attempted murder down to a plea to one count of armed robbery. Certainly he was aware of all of the ramifications of those charges. He was appraised in this Court of the charge, he had counsel, said he was satisfied with his counsel, of course, notnot inI'm not going to permit him to withdraw the plea of guilty. The motion is denied.
The defense contends that "Ipock was not informed of all the ramifications of his plea of guilty ... [and] was at no time informed that his privilege against self-incrimination extended to the right to stand mute [at] trial."
For a constitutionally-valid guilty plea, the accused must expressly and knowingly waive his right to trial by jury, his right to confront his accusers, and his privilege against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). State v. Robicheaux, 412 So.2d 1313 (La.1982); State v. Halsell, 403 So.2d 688 (La.1981; State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). In all Louisiana felony cases wherein guilty pleas are accepted, the record must affirmatively show that the defendant was adequately advised of the three rights prescribed by Boykin. State v. Williams, 400 So.2d 868 (La.1981); State v. Halsell, supra.
Defense counsel relied on State v. Martin, 382 So.2d 933 (La.1980), as support for his contention. In Martin, the transcript of the predicate plea of guilty showed that the trial judge's sole reference to defendant's right against self-incrimination was as follows: "By pleading guilty, you're also waiving your right to remain silent because you're not remaining silent when you plead guilty." The Supreme Court held that the information conveyed by this presentation of an accused's right against self-incrimination was insufficient because it failed to inform the defendant of his right to stand trial without being forced to testify against himself; because the choice to stand trial is the crux of the decision to plead guilty; because an accused cannot make this choice intelligently if he is unaware of the rights he may exercise at trial; and because the record did not show in any way that the defendant intended to waive his right not to testify against himself at trial.
In the instant case, the record shows that the trial judge conducted a colloquy with the defendant before accepting his guilty plea, first ascertaining that the defendant had been advised by his attorney of his rights to trial by jury, to confront accusers, and against self-incrimination, and then informing the defendant that by pleading guilty he was waiving those rights. The defendant stated he understood those rights. The trial judge explained the nature of the crime to which the defendant was pleading guilty and the consequences of the guilty plea, including possible sentencing exposure. Ipock indicated that he understood the consequences and was pleading guilty of his own free will. Only after the appellant's attorney indicated he was satisfied that the defendant understood his rights and the consequences *732 of his plea did the learned trial judge accept the plea.
Also appearing in the record is a Waiver of Rights form signed by the defendant, his attorney, and the trial judge. The form provides in pertinent part:
TO THE DEFENDANT, BY THE TRIAL JUDGE PERSON-TO-PERSON:
Your attorney has indicated to me that he has advised you of your rights (1) to a trial by jury, (2) to confront your accusers, and (3) against self-incrimination and that by entering a plea of guilty, you are waiving or giving up these rights. He also indicated to me that you have advised him that you understand these things. Is that correct? [emphasis added]
. . . . .
BY DEFENDANT ATTORNEY:
I, as attorney for the defendant, was present during the recitation of the foregoing colloquy between the defendant and the trial judge at the time of the defendant's plea of guilty.
I, also, have informed the defendant of his or her rights, particularly the nature of the crime to which he or she is pleading guilty, the maximum sentence the court could impose under the law, and the fact that the defendant, by entering this plea of guilty, is waiving his or her right to trial by jury, his or her right to confront his accusers, his or her right against self-incrimination, and lastly, that his or her only appeal is for review of jurisdictional defects; and I am entirely satisfied that the defendant knowingly, willingly, intelligently and voluntarily has entered this plea of guilty knowing the consequences. [emphasis added]
 Signed by: Stephen V. Vallot
 ATTORNEY
 BY THE DEFENDANT:
I, as the defendant in this case, acknowledge that the foregoing has been read to me, that my attorney and the trial judge have explained the nature of the crime to which I am pleading guilty, all of my rights to me, and what rights I am waiving or giving up, as listed above, and that I have been given every opportunity by the trial judge to ask questions in open court about anything I do not understand and about all of the consequences regarding my plea of guilty. I am completely satisfied with the explanations of my attorney and the judge.
I FURTHER ACKNOWLEDGE THAT MY ACT OF PLEADING GUILTY IS A KNOWING INTELLIGENT FREE AND VOLUNTARY ACT ON MY PART. I know that no one can force me to plead guilty. I know that by pleading guilty I admit I committed the said crime. I know this plea of guilty is more than a confession. It is also a conviction. Nothing remains except for the Judge to give judgment and give me my punishment. I waive all delays for sentencing and acknowledge I am ready for sentencing. [emphasis ours]
 Signed by: Terry Wayne Ipock
 DEFENDANT
The colloquy and the rights form in the instant record clearly show that appellant was informed of and knowingly and voluntarily waived his Boykin rights. The record also shows that the trial judge conducted a thorough inquiry into the validity of the defendant's plea before accepting it. Further, appellant did not allege, at trial, when seeking to withdraw his plea, that he was unaware of his right against self-incrimination. We find, therefore, that defendant's guilty plea is constitutionally valid; the trial judge did not abuse his discretion in denying appellant's motion to withdraw his plea; and this assignment is without merit. See also State v. Bowick, 403 So.2d 673 (La.1981) and State v. Arrington, 455 So.2d 1284 (La.1984).

ASSIGNMENT OF ERROR NUMBER 2
The trial court erred in sentencing both appellants to excessive sentences.

ASSIGNMENT OF ERROR NUMBER 3
The court failed to comply with Article 894.1 in sentencing appellants.

*733 ARGUMENTS
As the function of Article 894.1 is closely intertwined with the review of a sentence for excessiveness, the above assignments shall be addressed as one.
In State v. Telsee, 425 So.2d 1251 (La. 1983), our Supreme Court stated:
The basic principles of appellate review of sentences under our state constitution are well settled. Article 1, § 20 of the 1974 Louisiana Constitution prohibits the imposition by law of excessive punishment. In accordance therewith in State v. Sepulvado, 367 So.2d 762 (La.1979), we held that "the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment that is enforceable by this court on appellate review of his conviction." 367 So.2d at 767.
The Sepulvado court viewed La.C.Cr.P. art. 894.1 as a legislative attempt to ensure that appellate courts were provided appropriate criteria by which to measure whether a sentence within statutory limits is nonetheless excessive, either by reason of its length or because it specifies confinement, rather than less onerous sentencing alternatives.
In State v. Lanclos, 419 So.2d 475 (La.1982), the court stated that compliance with Article 894.1 is not an end in itself. The articulation of the factual basis for a sentence is the goal of the article, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with Article 894.1.
The trial judge made the following comments during the sentencing colloquy:
THE COURT:
Let me see the record, please. The Court has ordered pre-sentence investigations on the three individuals, Joseph Genusa, Terry Ipock and David Terrase. I've reviewed the pre-sentence investigations. I'm going to take into consideration everything that's incorporated in those pre-sentence investigations, the fact that the defendants have no previous criminal history, their age and also the seriousness of this crime that they've been charged with, and the fact that the three defendants were charged with three different counts and have plea bargained to one count ... conducted extensive discovery respecting the conflicting story as to who actually pulled the trigger because obviously the person who did the shooting would receive a more severe sentence than the one who did not. Is everyone ready for sentencing [...]
All right [...] Mr. Terry Ipock, it is the sentence of this Court that you serve ten years at hard labor with the Department of Corrections, State of Louisiana, credit for time served, and I remand you to the custody of the Department of Corrections for execution of the sentence. Mr. David Terrase, it's the conclusion of this Court that you were the person who perpetrated the crime wherein Mr. Luckett was shot; that you did do the shooting. Accordingly, the Court sentences you to twenty years at hard labor with the Department of Corrections, State of Louisiana, give you credit for time served. All three sentences are to be served without benefit of parole, probation or suspension of sentence.
Although the foregoing indicates that the trial judge only minimally complied with Article 894.1 as regards reasons for the sentences, the Supreme Court has held that failure to comply with Article 894.1 does not automatically render a sentence invalid. State v. Wimberly, 414 So.2d 666, 672 (La. 1982). Therein the majority stated:
In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge's failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant's *734 complaints of an excessive sentence had merit. In each case, pursuant to our duty to uphold the constitution, which expressly prohibits the imposition by law of excessive punishment, we vacated the sentence and remanded the case for resentencing on an adequate record, including strict compliance with Article 894.1.
It is well-settled that the trial judge is given wide discretion in the imposition of sentences and the sentence imposed by him should not be set aside in the absence of abuse of that discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Jones, 381 So.2d 416 (La.1980).
While the trial judge did not fully comply with the guidelines of Article 894.1 when sentencing Ipock and Terrase, we find that the record supports the sentences. Terrase and Ipock participated in an armed robbery during the course of which an innocent by-stander was shot and seriously wounded. While the young defendants are first offenders, the Louisiana Legislature and the courts have recognized that armed robbery is a serious crime. Both defendants were originally charged with two counts of armed robbery and one count of attempted second degree murder. By pleading guilty to one count of armed robbery, each appellant benefited considerably in terms of reduced exposure to imprisonment. Ipock was sentenced to ten (10) years at hard labor and Terrase (the "trigger-man") to twenty (20) years at hard labor, out of a possible ninety-nine (99) year term (after the plea bargain). Consequently, we find that the sentencing choice is not overly severe and is supported by the record; and, since the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even though there has not been full compliance with Article 894.1. See State v. Wimberly, supra, and State v. Lanclos, supra.
Accordingly, the convictions and the sentences of both defendants are affirmed.
AFFIRMED.