572 So.2d 1043 (1991)
STATE ex rel. Joseph B. RICHEY
v.
Warden Hilton BUTLER.
No. 89-KH-1509.
Supreme Court of Louisiana.
January 10, 1991.
Joseph Richey, pro se.
Professor Russell Jones, Southern University Law Center, for Joseph Richey, relator-plaintiff.
Cheney Joseph, Dist. Atty., Susan S. Kreston, Asst. Dist. Atty., for Warden Hilton Butler, defendant-respondent.
PER CURIAM.
We granted certiorari to consider whether, for purposes of proof of an essential element of the crime of armed robbery under La.Rev.Stat. 14:64, a piece of wood, crudely fashioned into a fake bomb by a wrap of electrician's tape and the embellishment of a woman's wristwatch, constituted a dangerous weapon as an instrumentality which in the manner used was "calculated or likely to produce death or great bodily harm". La.Rev.Stat. 14:2(3).
On direct appeal from his conviction of armed robbery relator challenged only the admissibility of his confessions.[1]State v. Richey, 364 So.2d 566 (La.1978). After the decision in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), relator filed an application for post-conviction relief in the district court, asserting that the state had failed to prove that he had been armed with a dangerous weapon. We granted certiorari to review the district court's denial of the application. 565 So.2d 939.
On July 1, 1976, relator stopped at the drive-in window of a bank and dropped a piece of two-by-four-inch wood into the automated drawer. He had wrapped the block of wood neatly with black tape and attached a woman's wristwatch on top of the block. A note attached to the block advised the teller that she had twenty seconds to give him cash in specified denominations and that the black object "was a bomb and it would go off". The teller pushed approximately $8,000 in cash *1044 through the window, returning that note and the device to relator. As relator sped away, the teller advised a police officer in another drive-in line of the robbery. When the officer began to chase him, relator threw the fake bomb from his vehicle. The officer came to an abrupt stop as a young child darted into the street and began jumping up and down on the device.
At the time of this offense there were vastly different sentencing ranges for armed and simple robbery, based on a single critical finding in the case of armed robbery that the defendant used a dangerous weapon.[2]State v. Byrd, 385 So.2d 248 (La.1980). When the defendant has used an inherently harmless instrumentality, the jury must find "that there was an actual likely danger of serious bodily harm to anyone present in the highly charged atmosphere of the scene of a robbery, taking into consideration the great possibility of violence in the interaction between the offender and the victim thereby put in fear for his life". State v. Bonier, 367 So.2d 824, 826-27 (La.1979); see also Reed v. Butler, 866 F.2d 128 (5th Cir.1989), cert. denied, 490 U.S. 1050, 109 S.Ct. 1963, 104 L.Ed.2d 431 (1989).
In the present case a rational trier of fact could not have found beyond a reasonable doubt that relator's use of an inherently harmless wooden block created a highly charged atmosphere in which serious bodily harm was likely. The face-to-face encounter between relator and the teller occurred under circumstances which were unlikely to lead to potentially violent consequences arising from the interaction of the offender and his victim. The teller did not panic, believing that "everything was cool". She calmly followed bank policy that "we are to follow [the robber's] instructions to the tee to give him whatever money he wants". The teller never testified that the device had placed her in fear of her life, but rather described what appeared to her to be a black, box-like object, similar to ones placed by other customers in the automated window with cash for deposit, but with a woman's wristwatch attached to the top. When she advised the police officer of the robbery, she did not warn him of a bomb. The officer who returned the device stated "it looked to me like a piece of board approximately this long [indicating] wrapped in black tape".
We conclude that the piece of wood, in the manner used by relator as described in the record, was not calculated or likely to produce death or great bodily harm. The state therefore failed to prove the essential element of use of a dangerous weapon. The sentencing disparity between armed and simple robbery is so great that the more severe penalty should be imposed only to deter the use of truly dangerous instrumentalities. State v. Byrd, 385 So.2d 248 (La.1980).
Accordingly, relator's conviction of armed robbery is set aside, and the case is remanded for entry of a judgment for simple robbery, the next authorized verdict at the time of the offense supported by the evidence at trial, and for resentencing.
WATSON and COLE, JJ., dissent.
NOTES
[1] Relator was charged with three counts of armed robbery involving similar conduct. On the other two charges the jury found relator guilty of the lesser offense of simple robbery.
[2] Since this offense the Legislature has defined the crime of first degree robbery to punish conduct when the offender leads the victim to reasonably believe he is armed with a dangerous weapon. The penalty for this new crime is imprisonment for not less than three nor more than forty years.