KLIEBERT, Chief Judge.
Defendant, Glen Terrebone, was charged by bill of information[1] with committing aggravated sexual battery and simple robbery on January 3, 1989. Subsequently, the bill was amended to charge defendant with forcible rape, a violation of LSA-R.S. 14:42.1. The simple robbery charge was dismissed. Defendant was tried before a twelve member jury which found him guilty as charged. The State then filed a multiple offender bill against defendant alleging he had three felony convictions prior to this forcible rape conviction. Following a hearing, the trial court found defendant was a third-time felony offender and sentenced him to eighty years at hard labor without benefit of probation or suspension of sentence. He was given credit for time served.
On appeal defendant alleges the trial court erred in finding him to be an habitual offender; that his conviction was the result of a vindictive prosecution; and he requests an error patent review. For the following reasons the trial court decisions are affirmed.
Defendant challenges the habitual offender finding by attacking the validity of the predicate offense used to enhance his sentencing under LSA-R.S. 15:529.1.[2]
*107 At the multiple offender hearing, the State introduced into evidence the court records for defendant’s three prior felony convictions. The trial court refused to allow a 1973 theft conviction as the basis for enhancement because the record did not contain evidence that the defendant was properly “Boykinized” at the time he pled guilty. The defense raised no objections to the remaining two prior convictions. Although defendant is now procedurally barred from raising the issue of the sufficiency of the State’s proof of prior convictions for the multiple bill on appeal,[3] State v. Martin, 427 So.2d 1182 (La.1983); in the interest of judicial economy, and because the record discloses the evidence to decide the issue, we will address defendant’s claims. State v. Ratcliff, 416 So.2d 528 (La.1982).
The defendant contends that he did not knowingly and intelligently waive his constitutional rights as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) when he pled guilty to an attempted armed robbery charge in 1975.[4] He argues that the rights waiver and the Boykin colloquy in the record of that case do not show that he was advised of his right to remain silent at trial. Therefore, according to the defendant, the attempted armed robbery conviction cannot *108 serve as a predicate felony in the multiple offender proceeding.
The defendant’s argument has twice been rejected by this Court. In State v. Terrase, 468 So.2d 729 (5th Cir.1984) and State v. Hensley, 537 So.2d 857 (5th Cir.1989), the Fifth Circuit reviewed the adequacy of constitutional rights waivers similar to the waiver here challenged by the defendant. Both of those decisions refused application of the rigid rule now urged by the defendant to evaluate the sufficiency of constitutional rights waivers, ferrase and Hensley held that the record must be viewed as a whole to determine whether the defendant understood and voluntarily waived his trilogy of Boykin rights. Those holdings are consistent with the guidance of the Louisiana Supreme Court in State v. Yarbrough, 418 So.2d 503 (La.1982).
The record for the defendant’s 1974 guilty plea to charges of attempted armed robbery reflects that the trial judge explained the Boykin trilogy of rights to the defendant. The judge further inquired of the defendant and his counsel whether the defendant understood his rights. Only after assuring himself that the defendant knew his rights and voluntarily chose to waive them did the trial judge accept his guilty plea. Thus, the defendant’s prior felony conviction was properly used as a predicate offense for enhanced sentencing.
For the foregoing reasons, we find the trial court properly found defendant to be a third-time felony offender and, accordingly, his sentence is affirmed.
Following his conviction, defendant moved for a new trial alleging he was the target of a vindictive prosecution and thus the ends of justice would be served by granting a new trial. LSA-C.Cr.P. Article 851(5). After a hearing, the trial court denied this request.
Although this is a ground upon which the trial judge may grant a new trial, it presents nothing for this court’s appellate review. State v. Toomer, 395 So.2d 1320 (La.1981); State v. Cortez, 503 So.2d 76 (5th Cir.1987). Further, a review of the record reveals this alleged error is without merit.
An error patent review reveals one error. The transcript shows defendant’s sentence was to be imposed without benefit of probation or suspension of sentence as mandated by LSA-R.S. 15:529.1(G). The commitment specifies defendant’s sentence was imposed without benefit of probation, parole or suspension of sentence. Where a discrepancy exists between the commitment and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). Thus, the commitment is ordered amended to reflect defendant’s sentence is to be served without benefit of probation or suspension of sentence.
Accordingly, defendant’s commitment is amended to reflect his sentence is to be served without benefit of probation or suspension of sentence. In all other respects the judgment appealed from is affirmed.
AMENDED AND, AS AMENDED, AFFIRMED.

. The bill of information alleged an aggravated sexual battery and simple robbery committed by defendant against this victim. The bill also alleged another aggravated sexual battery charge committed against a different victim. On defense motion, this latter charge was severed from the other two. Defendant was tried and acquitted on the latter charge.

. § 529.1. Sentences for second and subsequent offenses; certificate of warden or clerk of court in the state of Louisiana as evidence
A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction;
(2) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then,
(a) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction; or
(b) If the third felony and each of the two prior felonies involved a violation of R.S. 14:34, R.S. 14:62.1, R.S. 14:65, R.S. 14:110(B), or of any crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
(3)If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then,
(a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life; or
(b) If the fourth or subsequent felony and two of the prior felonies involved a violation of R.S. 14:34, R.S. 14:62.1, R.S. 14:65, R.S. 14:110(B), or of any crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
B. It is hereby declared to be the intent of this Section that an offender need not have been adjudged to be a second offender in a previous prosecution in order to be charged as and adjudged to be a third offender, or that an offend *107 er has been adjudged in a prior prosecution to be a third offender in order to be convicted as a fourth offender in a prosecution for a subsequent crime.
C. This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods.
D. If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated.
E. Whenever it shall become known to any superintendent or prison, probation, parole, police, or other peace officer, that any person charged with or convicted of a felony has been previously convicted within the meaning of this Section, he shall immediately report the fact to the district attorney of the parish in which the charge lies, or the conviction has been had.
F. The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief officer of any penitentiary of this state or any other state of the United States, or of any foreign country, or of any chief officer of any parish or county jail in this state or any other state of the United States, or of the clerk of court of the place of conviction in the state of Louisiana, under the seal of his office, if he has a seal, containing the name of the person imprisoned, the photograph, and the fingerprints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence of the imprisonment and of the discharge of the person, either by a pardon or expiration of his sentence as the case may be under the conviction stated and set forth in the certificate.
G. Any sentence imposed under the provisions of this Section shall be without benefit of probation or suspension of sentence. Acts 1956, No. 312, and as further amended.

. Defendant's proper remedy is an application for post-conviction relief under LSA-C.Cr.P. Article 930.3. State v. Martin, supra.

. The defendant was discharged from prison for that felony in 1986. Therefore, the five-year statutory "cleansing period" imposed by LSA-R.S. 15:529.1 C had not elapsed when the defendant committed the forcible rape in 1989.