762 So.2d 67 (2000)
STATE of Louisiana
v.
John P. PERKINS.
No. 99-KA-1109.
Court of Appeal of Louisiana, Fifth Circuit.
April 25, 2000.
Opinion Granting Rehearing June 27, 2000.
*70 Paul D. Connick, Jr., District Attorney, Ellen S. Fantaci, Terry M. Boudreaux, Donald A. Rowan, Jr., Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee.
Carey J. Ellis, III, Rayville, Louisiana, Attorney for Appellant.
Panel composed of Judges CHARLES GRISBAUM, Jr., THOMAS F. DALEY and MARION F. EDWARDS
EDWARDS, Judge.
Defendant/appellant John P. Perkins appeals the judgment of the trial court finding him guilty of first degree robbery in violation of LSA-R.S. 14:64.1 and sentencing him to thirty-five (35) years at hard labor as a habitual offender. During a drug transaction, Perkins stabbed Lisa Perez in the leg with a Phillips screwdriver and took the keys out of the ignition of the vehicle driven by Jerry Rivet, then fled the scene with the keys in his possession. Perkins alleges that the State failed to present sufficient evidence to convict him of first degree robbery. For the following reasons, we affirm the judgment of the trial court.
The events in question took place on May 24, 1998. Lisa Perez was a passenger in a vehicle driven by Jerry Rivet. They stopped to conduct a drug transaction with Perkins. Perez asked Perkins for a fifteen dollar rock of crack cocaine. After handing the rock of crack cocaine to Perez, Perkins demanded payment. When Rivet and Perez attempted to flee the scene without paying, Perkins jumped through the passenger window of the car, stabbed Perez in the leg with a Phillips screwdriver, and took the keys out of the ignition of the car. Rivet lost control of the vehicle and hit the parked car in front of him. Perkins fled the scene with the keys in his possession. He was arrested that same day and charged with armed robbery in violation of LSA-R.S. 14:64.
On December 10, 1998, a twelve-person jury was empaneled and the case was heard before the Honorable Charles V. Cusimano, III of the Twenty-Fourth Judicial District Court. At trial, both Perez and Rivet made a positive identification of Perkins as the perpetrator of the crime, but Perkins alleged that the actual perpetrator was a person named "Josh" who was a friend of both him and Perez. After hearing all of the testimony and evidence, the jury returned with a responsive verdict of guilty to the charge of first degree robbery in violation of LSA-R.S. 14:64.1. On January 20, 1999, the trial court sentenced Perkins to twenty-three (23) years at hard labor without benefit of probation, parole, or suspension of sentence.
Prior to sentencing, the State had filed a multiple offender bill of information alleging Perkins to be a third felony offender. A multiple offender hearing was held on April 7, 1999. On September 8, 1999, the trial court found Perkins to be a third felony offender. His original sentence was vacated and he was sentenced to thirty-five (35) years at hard labor, without benefit of probation, parole, or suspension of sentence. Perkins filed a motion for appeal which was subsequently granted by the trial court. The matter is now before this Court for review.

LAW AND ANALYSIS
Perkins alleges five assignments of error on appeal. In his first assignment of error, Perkins alleges that the State failed to present sufficient evidence to support the verdict, a conviction of first degree robbery. In his second assignment of error, Perkins alleges that there was insufficient evidence to identify him with the prior offenses alleged in the multiple offender bill of information. In his third assignment of error, Perkins alleges that there was insufficient evidence in the habitual offender proceeding to demonstrate that the prior offenses resulted in convictions *71 based on valid guilty pleas. In his fourth assignment of error, Perkins alleges that the trial court failed to comply with LSA-C.Cr.P. art. 894.1 and imposed an excessive sentence. In his fifth and final assignment of error, Perkins alleges that the trial court erred by failing to advise him of his right to remain silent at the arraignment on the multiple offender bill. These assignments of error are without merit and the judgment of the trial court must be affirmed.
In his first assignment of error, Perkins alleges that the State failed to present sufficient evidence to support a conviction of first degree robbery. The appropriate standard of review for determining the sufficiency of the evidence was set forth in Jackson v. Virginia.[1] In Jackson, the Supreme Court explained that when evaluating the sufficiency of the evidence, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2] The reviewing court must decide, after viewing the direct and circumstantial evidence in the light most favorable to the prosecution, whether any rational trier of fact could find the defendant guilty beyond a reasonable doubt.[3] Ultimately, all evidence, both direct an circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt.[4]
In the present case, Perkins was convicted of first degree robbery in violation of LSA-R.S. 14:64.1. The statute provides in part:
(A) First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon.
First degree robbery is a general criminal intent offense.[5]
Under LSA-R.S. 14:2(3) the term dangerous weapon "includes any gas, liquid or other substance or instrumentality which, in the manner used, is calculated or likely to produce death or great bodily harm." This Court has held that an instrumentality may be considered a "dangerous weapon" not only because of the inherent danger it possesses, but because it is used in a manner likely to cause death or great bodily harm.[6] The dangerousness of the instrumentality because of its use is a factual question for the jury to decide.[7]
Louisiana courts have held many and varied objects to be dangerous weapons for purposes of LSA-R.S. 14:64.[8] Such items included an ink pen, a liquor bottle, a metal sign post, and a hammer.[9] This court has held a toy gun to be a dangerous weapon for purposes of armed robbery prosecution if the jury finds that the interaction between the offender and the victim created a highly charged atmosphere *72 whereby there was a danger of serious bodily harm resulting from the victim's fear for his life.[10] Conclusively, the Fourth Circuit found that a Phillips screwdriver was a "dangerous weapon" when it was used in the aggravated burglary of inhabited dwelling.[11]
In the present case, the testimony of Rivet and Perez indicated Perkins took the car keys, a thing of value, from Mr. Rivet by force while he was armed with a dangerous weapon.[12] Although Perkins testified that he did not stab Perez with the screwdriver and did not take the car keys, the jury obviously elected to find the victims' testimony of the crime more credible than his testimony. The question of the credibility of the witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness.[13] The credibility of witnesses will not be reweighed on appeal.[14]
The trial court did not err in concluding that the State produced sufficient evidence to convict Perkins of first degree robbery in violation of LSA-R.S. 14:64.1. The judgment of the trial court must be affirmed.
In his second assignment of error, Perkins alleges that there was insufficient evidence to identify him with the prior offenses alleged in the multiple offender bill of information. To prove that a defendant is an habitual offender, the State must establish, by competent evidence, the prior felony convictions and that the defendant is the same person who was convicted of the prior felonies.[15] The State may establish this by various means, such as the testimony of witnesses to prior crimes, expert testimony matching fingerprints of the accused with those in the record of prior proceedings, or photographs contained in a duly authenticated record.[16]
The multiple offender bill of information alleged as predicate offenses a conviction for possession of stolen property in case number 91-4143, and a conviction for possession of cocaine in case number 89-2967. At the multiple offender hearing, Lt. Patricia Adams, a fingerprint identification expert, testified that the Perkins' fingerprints taken in court at the multiple offender hearing on April 7, 1999 matched those fingerprints found on the bill of information for case number 89-2967 and matched the fingerprints found in the arrest register for case number 91-4143. Such evidence is sufficient to prove a defendant's identity as a predicate offender.[17] *73 Perkins was correctly identified as a third felony offender.
In his third assignment of error, Perkins alleges that there was insufficient evidence in the habitual offender proceeding to demonstrate that the prior offenses resulted in convictions based on valid guilty pleas. Where a prior conviction resulted from a plea of guilty, the State must show that the defendant was advised of his constitutional rights and that he knowingly waived those rights prior to his plea of guilty.[18]
If the defendant denies the multiple offender allegations then the burden is on the State to prove (1) the existence of a prior guilty plea, and (2) that defendant was represented by counsel when the plea was taken.[19] Once the State proves those two things, the burden then shifts to the defendant to produce affirmative evidence showing (1) an infringement of his rights, or (2) a procedural irregularity in the taking of the plea.[20] Only if the defendant meets that burden of proof does the burden shift back to the State to prove the constitutionality of the guilty plea.[21] In doing so, the State must produce either a `perfect' transcript of the Boykin colloquy between the defendant and the judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an `imperfect' transcript.[22]
During the multiple offender hearing in this case, the State introduced certified copies of the bill of information, commitment forms, arrest registers, and waiver of rights forms for case numbers 89-2967 and 91-4143. Both waiver of rights forms were signed by Perkins, his attorney, and the trial judge, acknowledging Perkins' waiver of constitutional rights and evidencing his plea of guilty to the charges in both cases.
During the multiple offender proceeding, Perkins alleged a procedural irregularity in the taking of the pleas, arguing that during the taking of the pleas he was not fully advised of the possible range of sentences.
Advice with respect to the defendant's sentencing exposure has never formed part of the Louisiana Supreme Court's core Boykin requirements for the entry of a presumptively valid guilty plea in any case.[23] Such advice was not mandated by statute until the institution of LSA-C.Cr.P. art. 556.1, added by Acts 1997, No. 1061 § 1, effective date, August 15, 1998. Because the trial courts were not required by statute to advise Perkins of his sentencing exposure at the time of the taking of the pleas, he has failed to present affirmative evidence of any procedural irregularity which would have warranted the shift of the burden of proof to the State.[24]
Perkins has failed to meet his burden warranting the presentation of a "perfect transcript" by the State. The guilty pleas were valid and the judgment of the trial court finding Perkins to be a third felony offender must be affirmed.
In his fourth assignment of error, Perkins alleges that the trial court failed to comply with LSA-C.Cr.P. art. 894.1 and imposed an excessive sentence. This Court will only address Perkins' thirty-five (35) year sentence on the multiple bill *74 and not the original sentence. The original sentence was vacated by the trial court and the issue of its excessiveness is moot.
It is first noted that Perkins did not file a motion to reconsider sentence following the imposition of the enhanced sentence. LSA-C.Cr.P. art. 881.1 provides that a defendant may file a motion to reconsider sentence within thirty days of sentencing. The article requires that the motion be made orally at the time of sentencing, or in writing, and that it set forth the specific grounds on which the motion is based. The failure to file a motion to reconsider sentence, or to state the specific grounds on which the motion is based, precludes the defendant from raising those grounds on appeal.[25] In State v. Mims, the Louisiana Supreme Court was silent as to whether the failure to comply with article 881.1 precludes even a claim of constitutional excessiveness. In an abundance of caution, we shall consider the issue of whether the sentence was constitutionally excessive.[26]
The Eighth Amendment to the United States Constitution and Article 1 § 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.[27] The trial judge has wide discretion in imposing sentences within the statutory limits, and sentences will not be set aside as excessive absent manifest abuse of that broad discretion.[28]
Perkins was convicted of first-degree robbery, a violation of LSA-R.S. 14:64.1. The penalty provisions of that statute provide:
Whoever commits the crime of first degree robbery shall be imprisoned at hard labor for not less than three years and for not more than forty years, without benefit of parole, probation or suspension of imposition or execution of sentence.
Perkins was found to be a third felony offender, with one of the three felonies (first-degree robbery) defined as a crime of violence under LSA-R.S. 14:2(13). Therefore, the applicable provisions of LSA-R.S. 15:529.1 at the time of Perkins' sentencing, stated:
If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 214:2(13) or a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
Accordingly, the mandatory minimum sentence available to Perkins under the habitual offender law was life imprisonment. The trial court deviated from the mandatory life sentence, instead sentencing Perkins to thirty-five (35) years imprisonment at hard labor.
Perkins argues that the trial court erred by failing to comply with LSA-C.Cr.P. art. 894.1 because it did not adequately state for the record the considerations it took into account when sentencing him. However, even in a case where the trial court has failed to state the considerations taken into account and the factual *75 basis for sentencing the defendant, where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even when there has not been full compliance with LSA-C.Cr.P. art. 894.1.[29] The record reflects that Perkins' attack on Perez was violent in nature. The record also reflects his prior record of two felony convictions. Taking these factors into account, the thirty-five (35) year sentence, which is a deviation from mandatory life imprisonment, is not excessive.
The State argues that this deviation from the mandatory minimum sentence constituted the imposition of an illegally lenient sentence, warranting reversal. Although the State notes this error in its brief, it did not preserved its right to appeal the sentence, since it did not file a motion to reconsider sentence below. It is well settled that appellate courts are prohibited from acting to correct illegally lenient sentences where the prosecution has failed to preserve the issue for appeal.[30] This Court will not address the issue of an illegally lenient sentence. The thirty-five (35) year sentence imposed by the trial court must be affirmed.
In his fifth and final assignment of error, Perkins alleges that the trial court erred by failing to advise him of his right to remain silent at the arraignment on the multiple offender bill. The trial court did not advise Perkins of his right to remain silent, yet he exercised this right by not testifying at the hearing. Consequently, the trial court's failure to advise Perkins of his right to remain silent is harmless error.[31]
The record was reviewed for errors patent.[32] The review reveals no errors patent in this case. The State argues that there is an error patent because Perkins was not advised of the time limitations for filing an application for post-conviction relief. However, the record reflects that he was correctly advised.
In summary, it is the opinion of this Court that the trial court did not err in finding Perkins guilty of first degree robbery in violation of LSA-R.S. 14:64.1. The sentence of thirty-five (35) years at hard labor is below the statutory minimum and is not excessive, yet it cannot be corrected as illegally lenient either because the State did not file a motion to reconsider sentence. The judgment of the trial court must be affirmed.
AFFIRMED.

REHEARING GRANTED.
The State has applied for a rehearing in this matter based upon this Court's refusal to address the issue of an illegally lenient sentence imposed by the trial court. The rehearing is granted to address the issue, but the sentence imposed by the trial court must be affirmed.
The State reserved its right to appeal the sentence imposed by the trial court by objecting to the sentence in open court. LSA-C.Cr.P. art. 881.2 states in pertinent part:
B. The State may appeal or seek review of a sentence:
(1) If the sentence imposed was not in conformity with:
(a) Mandatory requirements of the statute under which the defendant was convicted, or any other applicable mandatory sentence provision; or
(b) The applicable enhancement provisions under the Habitual Offender Law, R.S. 15:529.1; and

*76 (2) If the State objected at the time the sentence was imposed or made or filed a motion to reconsider sentence under this Article.
While the State failed to file a motion to reconsider sentence, the prosecutor did object at the time of sentencing. This is sufficient to preserve the right to appeal.
Perkins was convicted of first degree robbery in violation LSA-R.S. 14:64.1 and sentence to twenty-three(23) years at hard labor. A habitual offender bill of information was filed by the State alleging that he was a third felony offender. Perkins was found guilty as third felony offender and sentenced to thirty five(35) years at hard labor. The minimum sentence required under LSA-R.S. 15:529.1(A)(1)(b)(ii) is life imprisonment without benefit of probation, parole, or suspension of sentence.
The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to impose sentence within the statutory limits.[1] A trial court may, in certain circumstances, impose a lesser sentence than that which is mandated by the multiple offender statute.[2] If, when the defendant is ultimately sentenced, the trial judge were to find that the punishment mandated by R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounted to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime", he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive.[3]
The trial judge found that an imposition of a life sentence in this matter would be constitutionally excessive. It was well within his discretion to find that the sentence was out of proportion with the severity of the crime. Absent a manifest abuse of the trial court's discretion, the sentence must be affirmed.
NOTES
[1] 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
[2] Id.
[3] State v. Ortiz, 96-1609 (La.10/21/97), 701 So.2d 922; cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722; State v. Holmes, 98-490 (La.App. 5th Cir. 3/10/99), 735 So.2d 687.
[4] State v. Ortiz; State v. Stanley, 98-920 (La. App. 5th Cir. 2/10/99), 729 So.2d 33; writ denied, 99-614 (La.6/25/99), 745 So.2d 1186.
[5] State v. Watts, 98-1073 (La.App. 5th Cir. 5/19/99), 735 So.2d 866; State v. Horne, 554 So.2d 820 (La.App. 5th Cir.1989).
[6] State v. Munoz, 575 So.2d 848 (La.App. 5th Cir.1991); writ denied, 577 So.2d 1009 (La. 1991).
[7] Id.
[8] State v. Cotton, 94-384 (La.App. 5th Cir. 11/16/94), 646 So.2d 1144.
[9] Id.
[10] State v. Cittadino, 628 So.2d 251 (La.App. 5th Cir.1993); citing State ex rel. Richey v. Butler, 572 So.2d 1043 (La.1991).
[11] State v. Walker, 542 So.2d 756 (La.App. 4th Cir.1989).
[12] LSA-R.S. 14:2 defines "anything of value" as follows:

"Anything of value" must be given the broadest possible construction, including any conceivable thing of the slightest value, movable or immovable, corporeal or incorporeal, public or private, and including transportation, telephone and telegraph services, or any other service available for hire. It must be construed in the broad popular sense of the phrase, not necessarily as synonymous with the traditional legal term `property.' ...
[13] State v. Rowan, 97-21 (La.App. 5th Cir. 4/29/97), 694 So.2d 1052.
[14] Id. at 1056.
[15] State v. Chaney, 423 So.2d 1092 (La.1982); State v. Bailey, 97-302 (La.App. 5th Cir. 4/28/98), 713 So.2d 588; writ denied, 98-1458 (La.10/30/98), 723 So.2d 971; State v. Franklin, 94-409 (La.App. 5th Cir. 12/14/94), 648 So.2d 962; writ denied, 95-0143 (La.5/19/95), 654 So.2d 1354.
[16] State v. Brown, 514 So.2d 99 (La.1987); cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216; reh'g denied, 487 U.S. 1228, 108 S.Ct. 2888, 101 L.Ed.2d 923 (1988); State v. Bailey, supra.
[17] LSA-R.S. 15:529.1(F); State v. Medious, 98-419 (La.App. 5th Cir. 11/25/98), 722 So.2d 1086; writ denied, 98-3201 (La.4/23/99), 742 So.2d 876; State v. Bell, 97-1134 (La.App. 5th Cir. 2/25/98), 709 So.2d 921; writ denied, 98-792 (La.9/16/98), 721 So.2d 477.
[18] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Jones, 517 So.2d 402 (La.App. 5th Cir.1987); writ denied, 522 So.2d 560 (La.1988).
[19] State v. Conrad, 94-232 (La.App. 5th Cir. 11/16/94), 646 So.2d 1062; writ denied, 94-3076 (La.4/7/95), 652 So.2d 1345; citing State v. Shelton, 621 So.2d 769 (La.1993).
[20] Id. at 1064.
[21] Id.
[22] Id.
[23] State v. Anderson, 98-2977 (La.3/19/99), 732 So.2d 517; State v. Pickett, 99-532 (La. App. 5th Cir. 10/26/99) 746 So.2d 185.
[24] See State v. Scamardo, 97-197 (La.App. 5th Cir. 2/11/98), 708 So.2d 1126; writ denied, 98-0672 (La.7/2/98), 724 So.2d 204.
[25] State v. Mims, 619 So.2d 1059 (La.1993); State v. Holmes, 94-907 (La.App. 5th Cir. 3/15/95), 653 So.2d 642.
[26] See State v. Jackson, 96-661 (La.App. 5th Cir. 4/9/97), 694 So.2d 440; writs denied, 97-1050 (La.10/13/97), 703 So.2d 609, and 97-1255 (La.10/13/97), 703 So.2d 612.
[27] State v. Lobato, 603 So.2d 739 (La.1992); State v. Munoz, 575 So.2d 848 (La.App. 5th Cir.1991); writ denied, 577 So.2d 1009 (La. 1991).
[28] State v. Lanclos, 419 So.2d 475 (La.1982); State v. Riche, 608 So.2d 639 (La.App. 5th Cir.1992); writ denied, 613 So.2d 972 (La. 1993).
[29] State v. Lanclos, supra; State v. Tran, 97-640 (La.App. 5th Cir. 3/11/98), 709 So.2d 311.
[30] State v. Harrell, 98-671 (La.App. 5th Cir. 1/26/99), 727 So.2d 1231.
[31] See State v. Carter, 96-358 (La.App. 5th Cir. 11/26/96), 685 So.2d 346.
[32] LSA-C.Cr.P. art. 920; State v. Godejohn, 425 So.2d 750 (La.1983); State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
[1] State v. Duhe, 98-1108 (La.App. 5th Cir.3/30/99), 733 So.2d 648; writ denied, 99-1203 (La. 10/1/99), 748 So.2d 435.
[2] State v. Frank, 94-923 (La.App. 5th Cir. 3/1/95), 652 So.2d 121.
[3] State v. Dorthey, 623 So.2d 1276 (La.1993).