673 So.2d 1127 (1996)
STATE of Louisiana
v.
Gregory HALL.
No. 95-KA-1073.
Court of Appeal of Louisiana, Fifth Circuit.
April 16, 1996.
*1128 John M. Mamoulides, District Attorney, Ryan Cox, Assistant District Attorney, Gretna, for Plaintiff/Appellee.
Bruce G. Whittaker, Gretna, for Defendant/Appellant.
Before GAUDIN, DUFRESNE and DALEY, JJ.
DALEY, Judge.
Defendant, Gregory Hall, was charged by bill of information with possession of cocaine, a violation of LSA-R.S. 40:967C. He pled not guilty. At the conclusion of the trial, a six person jury found defendant guilty as charged. Defendant filed Motions for Arrest of Judgment and for New Trial, which were denied. The trial court sentenced defendant to three years at hard labor, with the sentence to run consecutive to defendant's time he was serving on parole. Thereafter, the State filed a bill of information charging defendant as a fourth felony offender based upon three prior felony convictions. Pursuant to a plea agreement with the State, defendant pled guilty to being a third felony offender. Defendant stated that he agreed to the plea and acknowledged and understood the trial judge's advice of his right to a hearing, right to representation and his right to remain silent. Then, the trial court vacated the original sentence and imposed a sentence of six years at hard labor, with credit for time served.
On appeal, defendant's counsel has filed a Motion to Withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), asserting that he can find no non-frivolous issues for appeal. Defendant was notified by counsel by regular mail of his right to file a supplemental brief as per Anders. No brief was filed. After thorough review, we find no appealable issues and affirm defendant's conviction and sentence. We remand with instructions.
On January 6, 1995, Deputy Sean Schneider and his partner, Deputy Jesse Mendoza, were patrolling the Shrewsbury area of Jefferson Parish. As the officers approached the corner of Lausat and Arnoult streets, they saw defendant standing on the corner. When defendant noticed the police vehicle, he turned around and began walking briskly down the street. As the officers drove closer, defendant opened his right hand and dropped a white object from his hand. The officers stopped. Deputy Mendoza detained defendant. After a ten second search, Deputy Schneider retrieved the white rock-like *1129 object from the sidewalk; subsequent lab analysis concluded that this object was crack cocaine. Defendant did not present any witnesses on his behalf.
We have conducted an extensive independent review of the record and there are several errors patent on the face of the record. Since none of these errors merit reversal of the conviction or sentence, they do not present any appealable issues which arguably support the appeal. We note as error patent that the minute entry and the transcript indicates that the trial court did not impose the sentence, as a multiple offender, without benefit of probation and suspension of sentence. LSA-R.S. 15:529.1 G mandates that a sentence under this statute be imposed without benefit of probation or suspension of sentence. Nevertheless, since the trial court did not suspend the sentence or impose probation, this error is harmless.
Second, the trial court failed to inform defendant of the prescriptive period for post-conviction relief as is mandated by LSA-C.Cr.P. art. 930.8C at the time of sentencing as a multiple offender. We remand the case to the district court and order the district court to inform the defendant of the provisions of LSA-C.Cr.P. art. 930.8C by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. See State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
Third, the minute entry does not indicate that defendant was actually given credit for time served as mandated by LSA-C.Cr.P. art. 880. However, the commitment form and sentencing transcript do indicate that defendant was given such credit. Since the transcript prevails when there is a discrepancy, State v. Lynch, 441 So.2d 732 (La.1983) and State v. Richard, 525 So.2d 1097, 1101 (La.App. 5 Cir.1988), writ denied, 538 So.2d 609 (La.1989), rec. denied, 541 So.2d 844 (La.1989), the foregoing discrepancy in the minute entry is harmless error.
Accordingly, we affirm the defendant's conviction and sentence. We remand the case to the district court with instructions for the trial court to inform the defendant of the prescriptive provisions of LSA-C.Cr.P. art. 930.8C.
AFFIRMED AND REMANDED WITH INSTRUCTIONS