laGOTHARD, Judge.
Defendant, Guy Strickland, was charged by bill of information filed on May 8, 1997 with simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2. After a trial by jury he was found guilty as charged, and sentenced to serve twelve years at hard labor, without benefit of probation, parole, or suspension of sentence.
Subsequently he was charged with, and pled guilty to, being a multiple offender. The trial court vacated defendant’s previous sentence and re-sentenced him in conformance with LSA-R.S. 529.1 to serve fifteen years at hard labor without benefit of probation or suspension of sentence. The sentence was made to run concurrent with a separate sentence defendant was serving as a result of a parole revocation.
^Defendant filed a timely appeal after the conviction and sentence on the charge of simple burglary of an inhabited dwelling, but before the guilty plea and sentence on the multiple offender bill. Initially we note that defendant’s appeal is premature as to the multiple offender proceeding. However, the procedural defect was cured by the subsequent re-sentencing after the adjudication. State v. Balser, 96-443 (La.App. 5 Cir. 11/14/96), 694 So.2d 351.
*458 On appeal defendant argues the trial court erred in failing to inform him of prescriptive period for filing post conviction relief. We agree. LSA-C.Cr.P. article 930.8 provides that a defendant has three years after the judgment of conviction and sentence becomes final to apply for post conviction relief. Subpart (C) of that article provides that “at the time of sentencing, the trial judge shall inform the defendant of the prescriptive period for post conviction relief’. The record before us shows that, although the defendant was advised of that prescriptive period at the time of original sentencing, he was not so informed at the time that sentence was vacated and the enhanced sentenced was rendered. Accordingly, we remand the matter to the trial court with an order to send written notice of the prescriptive period to defendant within ten days of the rendering of this opinion, and to file written proof in the record that defendant received such notice in the record of these proceedings. State v. Hall, 95-1073 (La.App. 5 Cir. 4/16/96) 673 So.2d 1127.
In our review of the record for errors patent we note that the defendant has received an illegally lenient sentence in that LSA-R.S. 14:62.2 requires the first year of the sentence is to be served without benefit of parole. The sentence imposed upon defendant herein does not reflect that restriction. However, because the state has not challenged the sentence we are without jurisdiction to ^correct it. State v. Fraser, 484 So.2d 122 (La.1986); State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108.
For the foregoing reasons, we affirm defendant’s conviction and sentence and remand the matter to the district court with the above explained order.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.