759 So.2d 961 (2000)
STATE of Louisiana
v.
Shawn WICKEM.
No. 99-KA-1261.
Court of Appeal of Louisiana, Fifth Circuit.
April 12, 2000.
*963 Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, Gregory M. Kennedy, Assistant District Attorneys, Gretna, Louisiana, Counsel for appellee State of Louisiana.
Carey J. Ellis, III, Rayville, Louisiana, Counsel for defendant-appellant.
Court Composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
McMANUS, Judge.
In this criminal appeal, defendant Shawn Wickem appeals his conviction and sentence for armed robbery. LSA-R.S. 14:64. Because we find one complained of error harmless, and because no other assignment of error merits reversal, we affirm both defendant's conviction and sentence, and remand solely for the correction of one error patent.

Procedural History
On April 9, 1998, the Jefferson Parish District Attorney filed a bill of information charging defendant, Shawn Wickem, and Carlton Francis with one count of armed robbery in violation of LSA-R.S. 14:64. At his arraignment on April 16, 1998, defendant pled not guilty.
Defendant filed a motion to suppress confession, identification, and physical evidence, and on May 29, 1998, defendant filed a motion to appoint a sanity commission to determine his competency to stand trial, which was granted on June 1, 1998.
On November 5, 1998, a sanity hearing was held, and at the conclusion of the hearing, defendant was found competent to stand trial. On March 1, 1999, a hearing was held on defendant's motion to suppress. At the conclusion of the hearing, the trial court took the matter under advisement pending the filing of a memorandum from each party. On April 8, 1999, the trial court denied defendant's motion to suppress the evidence seized from his person and the identification, but suppressed defendant's statements to the police. After the judge ruled on the motion, trial was commenced against defendant alone. Defendant indicated that he wished to be tried by a judge, and the trial court questioned defendant concerning his right to trial by jury. After questioning defendant, the trial court found *964 that he had intelligently, knowingly, and freely waived his right to a jury trial. After defendant was informed of his right to trial by jury, opening statements were given.
On April 9, 1999, trial continued. At the conclusion of trial, the trial court found defendant guilty as charged. On May 20, 1999, defendant filed a motion for new trial. On the same date, a hearing was held on defendant's motion, and the trial court denied the motion. Defendant waived sentencing delays and was sentenced to serve 25 years at hard labor without benefit of parole, probation, or suspension of sentence. Defendant objected to the sentence and made an oral motion for appeal. Defendant filed a written motion for appeal on May 21, 1999.
In his appeal, defendant raises the following assignments of error:
1. the State failed to present sufficient evidence to support the verdict of conviction of armed robbery;
2. the trial court erred by failing to suppress evidence seized from the defendant;
3. the trial court failed to comply with article 894.1 of the Louisiana Code of Criminal Procedure;
4. the trial court imposed an excessive sentence on this offender.

FACTS
This case involves the armed robbery of a Circle K store on Lafayette Street in Gretna, Louisiana, at 4:00 A.M. on February 13, 1998. At trial, the State called Lawrencia Cennett, who had been working at the Circle K on the morning in question. She testified that at around 4:00 A.M., a man entered the store, pulled a gun, and asked for money. She testified that he took around forty dollars and some change. As soon as the man left, she called 911. During her testimony, the State played a store security system video tape of the robbery, with Cennett adding a verbal description of the tape's contents.
Within five to ten minutes after Cennett called 911, the police arrived with two suspects for Cennett to identify. She testified that at that time she identified the man who robbed the store. On cross-examination, however, Cennett stated that she could not identify defendant as of the court date because of changes in his appearance.
The State also called Herbert Este of the Gretna Police Department. He testified that on the morning of February 13, 1998, he had been on K-9 patrol in the immediate vicinity of the robbery. While on patrol at 4:10 A.M., he received a radio call that an armed robbery had just taken place on Lafayette Street. Within minutes of having received the call, he noticed a red car traveling with no lights on and at a high rate of speed within blocks of where the robbery had taken place. The officer chased the car, stopped it, and ordered the occupants out of the car. The officer immediately conducted a safety pat-down of the defendants, and at this time, removed the sum of forty-one (paper) dollars from defendant's pocket. After he had done this, Este checked to see whether anyone else might be in the car and noticed a jacket matching the description of the jacket the robber wore and a handgun in the back seat. The officer positively identified defendant as the passenger of the car he had stopped on the night in question.
The State called Officer G. Joseph Istre, who had participated in the investigation of the robbery at the Circle K. He testified that he had brought the two suspects to the Circle K so that the cashier could identify them. He testified that the cashier had identified defendant as the robber who had actually come into the store.
The State also called Officer James Price of the Gretna Police Department who confirmed that he had retrieved the video tape of the robbery from the Circle K store after the robbery and logged it into evidence.
The defense did not call any witnesses.

*965 ASSIGNMENT OF ERROR NUMBER ONE
As his first assignment of error, defendant argues that the State failed to present sufficient evidence to support the verdict, a conviction of armed robbery. Defendant argues that his conviction should be overturned because the State failed to produce sufficient evidence to support a finding that defendant obtained the money through the use of force or intimidation. The State responds that the evidence presented at trial that defendant pointed a gun at the clerk was sufficient to show defendant used force or intimidation.
The appropriate standard of review for determining the sufficiency of the evidence was set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In Jackson, the Supreme Court explained that when assessing the sufficiency of the evidence, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson, 443 U.S. at 324, 99 S.Ct. at 2792. See also State v. Abercrombie, 375 So.2d 1170, 1178 (La.1979). It is not the function of an appellate court to assess credibility or reweigh the evidence. Appellate review for minimal constitutional sufficiency of evidence is a limited one restricted by the [Jackson v. Virginia] standard. State v. Rosiere, 488 So.2d 965, 968 (La.1986) (citations omitted).
The defendant was convicted of armed robbery, which is defined in LSA-R.S. 14:64 A as:
Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
Under LSA-R.S. 14:64, the State must prove beyond a reasonable doubt: (1) a taking, (2) of anything of value, (3) from the person of or in the immediate control of another, (4) by the use of force or intimidation, (5) while armed with a dangerous weapon. State v. Cittadino, 628 So.2d 251, 255 (La.App. 5th Cir.1993). In addition, the act of pointing a gun at a victim satisfies the fourth element of the crimeuse of force or intimidation. State v. Cittadino, 628 So.2d at 255; State v. Bartley, 564 So.2d 1297, 1300 (La.App. 5th Cir.1990).
In the present case, defendant argues that the State failed to prove the fourth element of the crime: he argues that the State failed to present sufficient evidence that the "taking" was accomplished by the use of force or intimidation. Defendant focuses on the following testimony, given by the cashier of the Circle K store as the video was being played, to suggest that the exchange between the two was nothing more than a routine purchase at the counter:
Q: (counsel for the State): What's happening right here?
A: (cashier Cennett): I'm giving him the money.
Q: Okay. What did he say to you?
A: It was plain conversation like, you know, he just was talking, I don't remember the exact words. It was plain conversation. He didn't threaten me or anything.
Q: Did he pull a gun out?
A: Yes, he did.
Also, a few questions later:
Q: (counsel for the State): Were you scared?
A: (Cennett): Yes.
Cennett had good reason to be scared. The video tape belies the seeming nonchalance of this exchange. The video clearly shows that while the above "conversation" had been taking place, defendant had been lunging over the counter towards Cennett and holding the gun within inches of her body. In addition, there is no question that Cennett saw the gunat trial she described it in some detail. We are aware *966 of no authority which would require a verbal threat on defendant's part in addition to the unmistakable message conveyed by his body language to support a finding that he used force or intimidation against his victim.
Cennett was scared at the time of the robbery because defendant pointed a gun at her. In this case, the State has presented sufficient evidence to support a finding that defendant accomplished the taking through the use of fear or intimidation.

ASSIGNMENT OF ERROR NUMBER TWO
As defendant's second assignment of error, he alleges that the trial court erred by failing to suppress evidencethe forty-one dollarsseized from his pocket. Defendant argues that the money discovered on his person should be suppressed because the officer exceeded the scope of a weapons search when he seized the money. The State responds that the money is admissible under the "plain feel" doctrine or alternatively under the "inevitable discovery" doctrine. In his oral reasons for denying the motion to suppress, the trial judge relied on the inevitable discovery doctrine. However, because admission of this evidence was harmless error, even if error is conceded, this assignment does not require application of either doctrine or reversal of defendant's conviction.
Matters not grounds for reversal are set out in LSA-C.Cr.P. Art. 921 as follows:
A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused.
The proper analysis for determining harmless error is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict rendered in the actual trial was surely unattributable to the error. State v. Winfrey, 97-427 at p. 27 (La.App. 5th Cir. 10/28/97), 703 So.2d 63, 78 (citations omitted); State v. Code, 627 So.2d 1373, 1384 (La.1993).
There is little question that Este's having taken the money, which cannot reasonably be said to "feel" like a weapon, was beyond the scope of any search permissible at this pre-arrest stage of the encounter. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Barney, 97-777 (La.App. 5th Cir. 2/25/98), 708 So.2d 1205. There also is little question that the money was properly admitted under the "inevitable discovery" doctrine: the money could have been lawfully seized pursuant to defendant's arrest, for which there was probable cause, and which he does not challenge. Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); U.S. v. Raborn, 872 F.2d 589, 595 (5th Cir.1989) (inevitable discovery doctrine applicable to search and seizure violations). As noted, however, we need not engage in the analysis necessary to apply these principles. There is no question that even if there had been an error in the admission of evidence, the guilty verdict was surely unattributable to references in testimony to the amount of money stolen in the robbery and recovered from defendant or to the admission of photographs of the money.
It is settled that the production of a weapon or other physical evidence is not required as long as the State can establish all of the elements of armed robbery beyond a reasonable doubt through the testimony of its witnesses. State in the Interest of C.D., 95-160 at p. 3 (La.App. 5th Cir. 6/28/95), 658 So.2d 39, 41. So, while production of the stolen money was not necessary for a conviction, the record contains ample evidence, both circumstantial and direct, to prove defendant's guilt.
Defendant was apprehended within blocks of the crime, within minutes of the crime, speeding away from the scene in a car with no headlights at an hour when they are not only required but surely advisable. In addition, Officer Este, who *967 initially stopped the car, testified that defendant had responded to Este's flashing bar lights by "slouching" in the passenger seat. Este testified that during his initial search of the car he had seen a jacket, fitting the description of one worn by the suspect in the crime, and a gun, both in plain view from the outside of the car. Defendant does not challenge either his arrest or the seizure of the jacket and gun from the car. In addition, both pieces of evidence were positively identified by the victim at trial.
Defendant was positively identified by the victim, who had a face-to-face encounter with defendant during the crime, and who identified him within five to ten minutes of the occurrence. Though Cennett could not identify defendant at trial, she explained that she was unsure because defendant had changed his appearance between the evening of the crime and the trial date. Defendant was positively identified at trial by Officer Este as the individual who had been chased and stopped, and ultimately arrested, for the crime. Defendant does not challenge either party's identification of him as the guilty party.
Defendant was positively identified as the one who had taken money from the victim during the robbery; defendant could have been convicted for this crime even had the money not been recovered. The allegedly inadmissible evidence was not necessary for defendant's conviction, thus, any error in admitting it was harmless. State v. Boyd, 94-641 at p. 4 (La. App. 5th Cir. 12/28/94), 649 So.2d 80, 83. Having reviewed the evidence as whole, we may say that the guilty verdict in this case was surely unattributable to any possible error. This assignment of error does not require reversal of defendant's conviction.

ASSIGNMENT OF ERROR NUMBER THREE
As defendant's third assignment of error, he argues that the trial court failed to comply with Article 894.1 of the Louisiana Code of Criminal Procedure. Defendant argues that his sentence should be vacated because the trial court failed to comply with LSA-C.Cr.P. Art. 894.1 in imposing sentence. The State responds that defendant is precluded from raising this issue on appeal, or, alternatively, that the sentence should not be vacated because there is a sufficient factual basis for the sentence imposed.
The trial judge in sentencing defendant stated that he had taken into account the sentencing guidelines and the nature of the offense. After sentence was imposed, defense counsel orally objected to the sentence but did not state grounds for his objection.
This Court examined a defendant's claim that her sentence should be overturned for failure to comply with LSA-C.Cr.P. Art. 894.1 in State v. Battie, 98-1296 at p. 18 (La.App. 5th Cir. 5/19/99), 735 So.2d 844, 855, writ denied, 99-1785, 750 So.2d 980 (La.11/24/99). In Battie, the defendant contended that the trial court erred by failing to state for the record the considerations taken into account and the factual basis for imposing sentence as required by LSA-C.Cr.P. Art. 894.1C. However, we noted that the defendant did not include the issue of failing to comply with LSA-C.Cr.P. Art. 894.1C in either her motion to reconsider sentence nor did she argue regarding that issue at the hearing on the motion to reconsider sentence. In Battie, we therefore found that the defendant's failure to raise the issue in the trial court precluded her from raising the issue on appeal. State v. Battie, 98-1296 at 18-19, 735 So.2d at 855-56 (citing LSA-C.Cr.P. Art. 881.1D and State v. Vaurigaud, 96-807 at p. 7 (La.App. 5th Cir. 2/12/97), 690 So.2d 110, 113).
In the present case, defendant did not raise the issue of the trial court's failure to comply with LSA-C.Cr.P. Art. 894.1 in the trial court and raises this issue for the first time on appeal. Therefore, under the authority of State v. Battie, cited above, defendant *968 is precluded from raising this issue on appeal.

ASSIGNMENT OF ERROR NUMBER FOUR
As defendant's final assignment of error, he argues that the trial court imposed an excessive sentence on this offender. Defendant argues that the sentence imposed should be vacated because it is constitutionally excessive. The State responds that the sentence imposed is not constitutionally excessive.
As noted above, defendant did not file a motion to reconsider sentence following the imposition of his sentence. LSA-C.Cr.P. Art. 881.1 provides that a defendant may file a motion to reconsider the legality, under statutory sentencing guidelines, of a sentence within thirty days of sentencing. The article requires that the motion be made orally at the time of sentencing, or in writing, and that it set forth the specific grounds on which the motion is based. The failure to file a motion to reconsider sentence, or to state the specific grounds on which the motion is based, precludes the defendant from raising these errors or deficiencies on appeal. State v. Mims, 619 So.2d 1059 (La.1993); State v. Holmes, 94-907 at p. 8 (La.App. 5th Cir. 3/15/95), 653 So.2d 642, 646. Defendant did state an oral objection at the time of sentencing, but failed to state specific grounds for his objection. In State v. Mims, cited above, the Louisiana Supreme Court was silent as to whether the failure to comply with article 881.1 precludes even a claim of constitutional excessiveness. However, given the gravity of any such violation, as an exercise in caution, this Court has considered appeals which are based on these principles where the defendant has made an oral objection at the time of sentencing even if he has failed to state specific grounds for the objection. State v. Roberts, 97-959 at p. 11 (La.App. 5th Cir. 2/25/98), 708 So.2d 1199, 1204 (citations omitted). Therefore, we will review the claim here of a constitutionally excessive sentence.
The Eighth Amendment to the United States Constitution and Article I, § 20, of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is constitutionally excessive if it is grossly disproportionate to the seriousness of the offense so as to shock our sense of justice, or if it imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Munoz, 575 So.2d 848, 851 (La.App. 5th Cir.1991). In reviewing a sentence for excessiveness, this Court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentence. A sentence within statutory limits will not be set aside as excessive absent manifest abuse of discretion. State v. Lobato, 603 So.2d at 751; State v. Bacuzzi, 97-573 at p. 8 (La. App. 5th Cir. 1/27/98), 708 So.2d 1065, 1069.
The sentencing range for the crime of armed robbery is set out in LSA-R.S. 14:64B which provides that:
Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.
In the present case, the trial judge stated that he had taken into account the sentencing guidelines and the nature of the offense. We consider the nature of the offense committed to be of the most serious. Here, again, the video tape condemns defendant. We can only try to describe how chilling it is to view a video of the actual crime and to watch defendant hold a gun on the lone, defenseless victim. The tape allows us to witness the moment when the life of this innocent victim actually *969 hung in the balance. And the sentencing judge saw the same thing.
We cannot say that the sentence in this case, less than one-half of the possible maximum, suggests an abuse of discretion on the trial judge's part.
This assignment of error does not require vacating defendant's sentence.

PATENT ERROR REVIEW
The record was reviewed for errors patent, according to LSA-C.Cr.P. Art. 920; State v. Godejohn, 425 So.2d 750 (La.1983); State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
Under LSA-C.Cr.P. Art. 930.8C, the trial court must at the time of sentencing inform the defendant of the prescriptive period for post-conviction relief. In the present case, the trial court stated that defendant had three (3) years to file for post-conviction relief, but the trial court failed to inform defendant that the three years run from the date that the judgment becomes final. LSA-C.Cr.P. Art. 930.8A. In addition, the trial judge failed to apply an amendment to the article, which reduced the prescriptive period from three to two years. The amendment is effective retroactively, and therefore is applicable to defendant. State ex rel. Glover v. State, 93-2330, at p. 20 (La.9/5/95), 660 So.2d 1189, 1201.
Accordingly, we remand the case to the district court and order that the district court inform the defendant of the amended provisions of LSA-C.Cr.P. 930.8C, allowing defendant two years in which to file an application for post-conviction relief, by sending appropriate written notice to the defendant within ten days of the rendition of this Court's opinion and to file written proof that defendant received the notice in the record of the proceedings. State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289 and State v. Hall, 95-1073 (La.App. 5th Cir. 4/16/96), 673 So.2d 1127.
For the above reasons, defendant's conviction and sentence are affirmed, and the matter is remanded only for the purpose of having the trial judge send written notice to defendant that the two year delay in which to file an application for post conviction relief commences to run on the day this conviction becomes final, then filing proof of such notice in the record.
CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR NOTICE TO DEFENDANT OF DELAYS IN WHICH TO FILE APPLICATION FOR POST CONVICTION RELIEF.