836 So.2d 557 (2002)
STATE of Louisiana
v.
Tyronne FLETCHER.
No. 02-KA-707.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2002.
Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, Thomas S. Block, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Prentice L. White, Louisiana Appellate Project, Baton Rouge, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
SOL GOTHARD, Judge.
Defendant, Tyronne Fletcher, was convicted of possession of cocaine in violation of LSA-R.S. 40:967 C. Defendant was sentenced, as a second offender, to hard labor for five years without benefit of probation or suspension of sentence. Defendant now appeals from his conviction and sentence.
At approximately 12:57 a.m. on October 18, 2001, Officer Chad Spindel was proceeding westbound near the 100 block of Airline Drive. He was traveling alone in a marked police vehicle and wearing his police uniform. He testified he was familiar with that area and had made numerous drug arrests in that area. Officer Spindel observed a vehicle coming toward him heading east and traveling "well over" 45 miles per hour, the posted speed limit. The vehicle was weaving back and forth from the left lane to the right lane. Intending to make a traffic stop, Officer Spindel turned his vehicle around in order to follow the vehicle that was driving erratically. *558 The other vehicle executed a sharp right-hand turn at a high rate of speed. The vehicle accelerated as Officer Spindel continued to follow it.
The vehicle was forced to stop by a crossing train, and Officer Spindel turned on his overhead emergency lights and his bright lights in order to initiate the traffic stop. He pulled up very close to the other vehicle to ensure it would not be able to leave. After radioing in the license plate information and his location to the Kenner Police Department headquarters, Officer Spindel exited his vehicle. As he was doing so, he saw the driver's side door of the other vehicle open.
Defendant started to get out of the vehicle, but Officer Spindel told him not to do that. Defendant placed his hands down by his lap as Officer Spindel walked up to the vehicle. Officer Spindel instructed him to place his hands on the steering wheel to ensure defendant did not have a weapon. Defendant complied with Officer Spindel's request. Officer Spindel observed the top of an open can of beer covered by a brown paper bag on the floorboard on the driver's side of the vehicle. Officer Spindel instructed defendant to exit the vehicle. When defendant did so, he said, "This car ain't a stolen car. I didn't steal this car." Defendant's right hand was by his side and, as he was exiting the vehicle, he placed his left hand in his pants pocket. Officer Spindel told defendant to take his hand out of his pocket and step to the back of the vehicle. He did not comply. Defendant subsequently approached Officer Spindel and pushed on his chest. Officer Spindel took a step toward him, and defendant swung with his right hand, hitting Officer Spindel by his ear.
Officer Spindel struck defendant in the face and advised him he was under arrest. He tried to grab hold of defendant, and they both started struggling. Officer Spindel observed defendant take his left hand and place it to his mouth. It appeared to Officer Spindel that defendant had placed some type of object, perhaps an illegal narcotic, in his mouth. Defendant began to chew on the object, and he attempted to swallow it. Officer Spindel told defendant to spit out whatever he had put in his mouth, but defendant did not comply with that request. Officer Spindel used his pepper spray on defendant. He instructed defendant to place his hands behind his back, but defendant did not do so. Officer Spindel told defendant to tell him if he had drugs in his mouth, so he could call an ambulance for his safety. Defendant swallowed the object in his mouth and told Officer Spindel it was a stick of gum.
Sergeant Richard Mottley arrived on the scene. Defendant was arrested and placed into the back of the police car. Sergeant Mottley and Officer Spindel subsequently searched the defendant's vehicle for registration papers and discovered that the vehicle was registered to an individual who resided in Mississippi. They made attempts to contact the owner of the vehicle, but were unsuccessful. Therefore, Officer Spindel and Sergeant Mottley decided to have the vehicle towed for safekeeping, as per the Kenner Police Department policy, until the owner of the vehicle could reclaim it. Prior to the towing of the vehicle, Officer Spindel and Sergeant Mottley decided to conduct an inventory search of the vehicle. Sergeant Mottley subsequently gave Officer Spindel some off-white, rock-like objects he had found on the driver's seat and on the driver's side floorboard.
Chris Mitchell, the narcotics detective, arrived on the scene and field tested the off-white objects, which tested positive for the presence of cocaine.
Thomas Angelica testified that he was employed by the Jefferson Parish Sheriff's *559 Office crime lab as a forensic scientist specializing in drug chemistry. Mr. Angelica was qualified as an expert in the field of testing and identification of controlled dangerous substances. He testified that tests conducted on the off-white, rock-like substances seized from defendant were positive for cocaine.
Defense counsel did not call any witnesses.
In this appeal, defendant argues the trial court erred in not finding that the seizure of drugs in this case was illegal because the police stop of defendant was merely a pretext to conduct a search of his vehicle. He claims that the only reason Officer Spindel conducted the stop was to legitimize his presumption that defendant was involved with drugs. Defendant contends that the trial court thus erred in admitting the evidence seized from the vehicle, because the seizure resulted from an illegal search of the vehicle.
Although defendant filed a pre-trial motion to suppress evidence, the record reflects that defendant proceeded to trial without obtaining a ruling on the motion. A defendant waives all pending motions by permitting trial to proceed without raising the issue that his pretrial motions were neither heard nor ruled upon. State v. Alexander, 97-1199, p. 6 (La.App. 5 Cir. 9/29/98), 720 So.2d 82, 86, writ denied, 98-3109 (La.4/9/99), 740 So.2d 628 (citing State v. Price, 96-680, p. 8 (La.App. 5 Cir. 2/25/97), 690 So.2d 191, 196). Therefore, there is no ruling for this Court to review.
The record also reflects that the defendant failed to object to the introduction of the evidence in question at trial. Again, there is no ruling for this Court to review since defendant failed to properly preserve the issue for review by contemporaneous objection. LSA-C.Cr.P. art. 841.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.
The defendant's conviction and sentence are affirmed.
AFFIRMED.