996 So.2d 1147 (2008)
STATE of Louisiana
v.
James ROBERTS (a/k/a Gilbert Allen).
No. 08-KA-391.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 2008.
*1148 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Vincent Paciera, Jr., Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Jane L. Beebe, Attorney at Law, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and MADELINE JASMINE, Pro Tempore.
EDWARD A. DUFRESNE, JR., Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, James Roberts (also known as Gilbert Allen), with the following: possession of MDMA in violation of LSA-R.S. 40:966(C) (count one); distribution of cocaine in violation of LSA-R.S. 40:967(A) (count two); possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1 (count three); possession of cocaine in excess of 28 grams in violation of LSA-R.S. *1149 40:967(F) (count four); and distribution of cocaine in violation of LSA-R.S. 40:967(A) (count five). Defendant thereafter proceeded to trial on the distribution of cocaine charges (counts two and five).[1] After considering the evidence presented, a twelve-person jury, on January 9, 2007, found defendant guilty as charged on both counts.
On January 26, 2007, defendant was sentenced to thirty years imprisonment at hard labor on each count to run concurrently. Further, the first two years of both sentences were imposed without benefit of parole, probation, or suspension of sentence. On this same date, the State filed a multiple offender bill of information, alleging defendant was a third felony offender. Defendant denied these allegations. On November 9, 2007, the trial court found defendant to be a third felony offender and vacated defendant's sentence on count two. Defendant was re-sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence. This sentence was ordered to run concurrently with the sentence previously imposed for count five. On November 13, 2007, the trial court denied defendant's motion to reconsider sentence and granted defendant's motion for appeal.

ASSIGNMENT OF ERROR NUMBER ONE
On appeal defendant sets forth one assignment of error. Specifically, he alleges that the mandatory sentence imposed by the trial judge is excessive. In this case, defendant was found to be a third felony offender, with an underlying conviction of distribution of cocaine and predicate convictions of distribution of cocaine[2] and first degree robbery.[3] According to LSA-R.S. 15:529.1(A)(1)(b)(ii),
(ii) If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
Based on this sentencing provision, defendant received the mandatory sentence of life imprisonment. Thereafter, defendant orally moved to reconsider his sentence while noting that he would supplement the motion. He then filed a written motion to reconsider sentence, merely alleging the trial court failed to consider mitigating circumstances and that his sentence was excessive, unconstitutional, and violated sentencing guidelines. The trial court denied defendant's motion to reconsider sentence. Defendant now contends that the trial court erred in denying this motion. Specifically, defendant argues that his life sentence is excessive and a lesser sentence was justified. He further asserts that the trial court only stated that the sentence was mandated by law and *1150 failed to set forth factors justifying the sentence.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Wickem, 99-1261, (La. App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. In reviewing a sentence for excessiveness, the reviewing court must consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992).
A mandatory minimum sentence under the Habitual Offender Law may be reviewed for constitutional excessiveness. State v. Lindsey, 99-3256, 99-3302 (La.10/17/00), 770 So.2d 339, 342, cert. denied, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001). In State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993), the Louisiana Supreme Court specifically held that when a trial court determines that the minimum sentence mandated by LSA-R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeless imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," the trial judge must reduce the sentence to one that would not be constitutionally excessive.
It is presumed that a mandatory minimum sentence under the Habitual Offender Law is constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676. Downward departures from the minimum sentence mandated by LSA-R.S. 15:529.1 should only occur in rare situations. State v. Davis, 01-123 (La. App. 5 Cir. 7/30/01), 792 So.2d 126, 132. A court may only depart from the mandatory sentence if it finds clear and convincing evidence in the present case that would rebut the presumption of constitutionality. The burden is on the defendant to rebut the presumption of constitutionality by showing:
[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
State v. Johnson, 709 So.2d at 676 (quoting State v. Young, 94-1636 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 531 (Plotkin, J., concurring), writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223).
In the present case, defendant did not urge a downward deviation at the time of sentencing. In his motion to reconsider sentence, he simply asserted his sentence was unconstitutionally excessive and violated sentencing guidelines. At no time at trial or on appeal has defendant argued or presented any evidence showing any exceptional circumstances to justify a downward departure from the mandatory life sentence. Thus, defendant has failed to carry his burden of proof that the imposed mandatory life sentence was excessive.
Further, defendant argues that the trial court, in imposing the life sentence, failed to consider mitigating factors under LSA-C.Cr.P. art. 894.1. This Court has recognized that compliance with the sentencing guidelines of LSA-C.Cr.P. art. 894.1 is not required when the sentence imposed is statutorily prescribed under the Habitual Offender Law. See State v. Johnson, 01-0842 (La.App. 5 Cir. 2/13/02), 812 So.2d 106, 118, writ denied, 02-1037 (La.3/21/03), 840 So.2d 532.
*1151 Based on the foregoing discussion, we find that the arguments raised by defendant in this assignment of error are without merit.

ERROR PATENT DISCUSSION
We have also conducted an error patent review in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors that require corrective action.
Accordingly, for the reasons set forth herein, we affirm defendant's convictions and sentences.
CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] On November 9, 2007, the State entered a nolle prosequi as to counts one, three, and four.
[2] LSA-R.S. 40:967(B)(4)(b) provides that the penalty for distribution of cocaine is a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than $50,000.
[3] First degree robbery is a crime of violence under LSA-R.S. 14:2(B)(22).