CLARENCE E. McMANUS, Judge.
12Pefendant, George Thomas, was charged by bill of information with possession with intent to distribute cocaine in violation of LSA-R.S. 40:967(A) (count one) and with distribution of marijuana within 1000 feet of a school in violation of LSA-R.S. 40:981.3 (count two). Defendant proceeded to trial and was found guilty of the lesser charge of possession of cocaine as to count one and guilty as *598 charged as to count two. Defendant was sentenced to three years imprisonment in the Department of Corrections for count one and five years imprisonment in the Department of Corrections for count two, to run concurrently with each other. Defendant was subsequently adjudicated a third felony offender; his original sentence for count two was vacated and he was sentenced to 30 years imprisonment with the Department of Corrections, to run concurrently with the sentence in count one. Defendant filed two appeals, one from his conviction and original sentence (08-KA-1171), and one from his multiple offender proceedings (08-KA-1260). We have consolidated these appeals for consideration by this Court.
|3The following was adduced at trial. On December 12, 2006, Deputy Glenn Weber of the Jefferson Parish Sheriffs Office was assigned as an undercover narcotics agent. Deputy Weber went to Jordan Drive in Jefferson Parish in an unmarked vehicle that was equipped with video and audio surveillance equipment. He was also given departmental funds that had been photocopied. He observed two individuals sitting in a burgundy-colored Thunderbird, with the passenger side door open. Deputy Weber gave a signal, and the passenger, who was later identified as defendant, stated he had “dro.” Deputy Weber asked about the cost and was told it would be $30.00 per bag.
Defendant refused to approach the car, so Deputy Weber exited his car and a hand-to-hand transaction took place behind the Thunderbird. Deputy Weber gave defendant $60.00, and defendant gave him two bags of marijuana in exchange. A preliminary field test and further testing confirmed that this was marijuana.
Sergeant Corey Wilson, a supervisor of a narcotics unit for the Jefferson Parish Sheriffs Office, was also involved in the undercover operation near the area of Jordan Street, an area known for narcotics dealings. Sergeant Wilson was in the area for the undercover agent’s safety and when he slowly passed by he observed the hand-to-hand transaction between Deputy Weber and defendant, who was wearing a red shirt. This location was within 1000 feet of an elementary school. After the transaction, defendant entered the passenger side of the Thunderbird. Deputy Weber confirmed on the radio that he had purchased narcotics. Sergeant Wilson followed the Thunderbird onto Third Avenue.
After observing the police, defendant jumped out of the vehicle and threw a clear, plastic bag that appeared to be narcotics on the ground. The Thunderbird escaped. Defendant ran through a vacant lot as he took off his red shirt. Defendant was ultimately located inside of an abandoned house. The red shirt was recovered and | ¿Deputy Weber identified it as the same red shirt defendant was wearing at the time of the sale.
The clear, plastic Ziploc bag that was recovered had five clear baggies each containing green vegetable matter and also had a clear bag that contained an off-white rock substance inside. These matters tested positive for narcotics. The five baggies containing green vegetable matter tested positive for marijuana, and the bag containing an off-white rock substance tested positive for cocaine.
Detective Louis Alvarez of the Gretna Police Department was assigned to the Jefferson Parish Sheriffs Office Task Force and assisted in defendant’s arrest on Third Avenue. Detective Alvarez entered an abandoned home and observed defendant inside of a closet. He requested that defendant come out the closet, and at first defendant did not comply. However, when asked again, defendant came out of the closet and a brief struggle ensued. Defen *599 dant was handcuffed and arrested. The money used to purchase the marijuana was photocopied prior to the sale. Defendant had in his possession money that matched this pre-recorded currency.
Deputy Weber was called to the scene and identified defendant as the person who sold him marijuana. Sergeant Wilson likewise made an identification.

Appeal-08-KA-ll 71

The defendant alleges that the trial court erred in failing to hold a hearing on the motions to suppress filed by the defense since all of the issues regarding the suppression of evidence were not properly disposed of during the trial. He contends that two motions to suppress were filed, and were not assigned for a hearing or withdrawn. The State responds that defendant waived his right to have the motions considered by proceeding to trial without objecting to the court’s failure to rule upon the motions.
|sThe record reflects that on February 26, 2007, defendant filed a motion to suppress evidence, arguing that statements, testimony, documents, and “things” stemming from his arrest should be suppressed because they were obtained in violation of his constitutional rights. An additional Motion to Suppress Confession, Identification, and Physical Evidence was filed on August 9, 2007. These motions were never heard and defendant proceeded to trial without obtaining rulings on the motions.
A defendant waives all pending motions by permitting trial to proceed without raising the issue that his pretrial motions were neither heard nor ruled upon. State v. Fletcher, 02-707, p. 5 (La.App. 5 Cir. 12/30/02), 836 So.2d 557, 559, writ denied, 03-0409 (La.10/10/03), 855 So.2d 334.
On appeal, defendant is challenging the use at trial of the currency found on defendant. A copy of the pre-recorded currency that was photocopied prior to the sale as well as the photocopy of the money found on defendant was admitted into evidence without objection. In addition, the narcotics were admitted into evidence without objection. As such, there is no ruling for this Court to review since defendant failed to properly preserve the issue for review by contemporaneous objection. See Fletcher, 02-707 at 5, 836 So.2d at 559 (citing LSA-C.Cr.P. art. 841).
Generally, to preserve an issue for appeal, a party need not enter a contemporaneous objection to the court’s ruling on a written motion. State v. Goal, 01-376, p. 22 (La.App. 5 Cir. 10/17/01), 800 So.2d 938, 952, writ denied, 02-2335 (La.10/3/03), 855 So.2d 294 (citing LSA-C.Cr.P. art. 841(B)). However, where a defendant initially files a pre-trial motion objecting to the introduction of certain evidence, if at trial he specifically agrees to its introduction, he has waived | fihis prior objection and loses the right to present the issue on appeal. Gaal, 01-376 at 22, 800 So.2d at 952.
We find that defendant waived the pending motions to suppress by proceeding to trial without a ruling on the motions. Additionally, the evidence at issue was admitted at trial without objection. Therefore, defendant failed to preserve this issue for appellate review. This assignment of error lacks merits.

Appeal-08~KA-1260

Defendant alleges that his enhanced sentence of thirty years for distribution of marijuana within 1000 feet of a school is constitutionally excessive under the circumstances of this case. He contends that the trial judge failed to consider his personal history and the potential for rehabilitation, and also failed to consider factors in mitigation, citing LSA-C.Cr.P. art. 894.1. Defendant also cites State v. *600 Dorthey, 623 So.2d 1276 (La.1993) and argues that the trial court erred in failing to recognize its authority to interfere with the sentencing scheme set out by the legislature if it determined the sentence was excessive. The State responds that defendant has failed to demonstrate clearly and convincingly that the mandatory minimum sentence is excessive as applied to him, and further that defendant’s sentence is illegally lenient due to the trial court’s failure to impose a mandatory $50,000.00 fine.
Defendant was sentenced on October 17, 2008 as a third felony offender to 30 years imprisonment at hard labor, to run concurrently with his sentence in count one. After the sentence was imposed, defendant objected to the sentence as excessive, however he failed to state a specific objection or to file a timely motion to reconsider sentence following his habitual offender sentencing as required by LSA-C.Cr.P. art. 881.1. The failure to make or file a motion to reconsider sentence or to state the specific grounds on which the motion is based, limits a 17defendant to a review of the sentence for constitutional excessiveness only. State v. Fuller, 07-319, pp. 8-9 (La.App. 5 Cir. 2/19/08), 980 So.2d 45, 50, writ denied, 08-0705 (La.10/10/08), 993 So.2d 1282.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Wickem, 99-1261, p. 10 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. In reviewing a sentence for excessiveness, the reviewing court must consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. Wickem, 99-1261 at 10-11, 759 So.2d at 968. See also State v. Lobato, 603 So.2d 739, 751 (La.1992).
The underlying conviction in this matter was for distribution of marijuana within 1000 feet of a school, in violation of LSA-R.S. 40:981.3. LSA-R.S. 40:981.3(E)(1) provides that “[w]hoever violates a provision of this Section shall be punished by the imposition of the maximum fine and be imprisoned for not more than one and one-half times the longest term of imprisonment authorized by the applicable provisions of R.S. 40:966 through 970.” The penalty for distribution of marijuana under LSA-R.S. 40:966(B)(3) is a term of imprisonment at hard labor for not less than five nor more than 30 years, and a fine of not more than $50,000.00. As such, for the underlying conviction, defendant faced a sentence of not more than 45 years of imprisonment and a mandatory fine of $50,000.00.
According to LSA-R.S. 15:529.1(A)(l)(b)(i), defendant was to be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible |ssentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction. Therefore, as a third offender with a LSA-40:981.3 underlying conviction and two predicate convictions of possession of cocaine, defendant faced a sentencing range of 30 to 90 years. See LSA-R.S. 15:529.1(A)(1)(b)(i); LSA-R.S. 40:981.3(E)(1); LSA-R.S. 40:966(B)(3). Defendant received a 30-year sentence, the mandatory minimum term of imprisonment.
A mandatory minimum sentence under the Habitual Offender Law may be reviewed for constitutional excessiveness. *601 State v. Roberts, 08-391, p. 4 (La.App. 5 Cir. 10/28/08), 996 So.2d 1147, 1150 (citing State v. Lindsey, 99-3256, 99-3302, p. 4 (La.10/17/00), 770 So.2d 339, 342, cert. denied, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001)). In State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993), the Louisiana Supreme Court specifically held that when a trial court determines that the minimum sentence mandated by LSA-R.S. 15:529.1 makes no “measurable contribution to acceptable goals of punishment” or that the sentence amounts to nothing more than “the purposeless imposition of pain and suffering” and is “grossly out of proportion to the severity of the crime,” the trial judge must reduce the sentence to one that would not be constitutionally excessive. Roberts, 08-391 at 4, 996 So.2d at 1150.
It is presumed that a mandatory minimum sentence under the Habitual Offender Law is constitutional. Roberts, 08-391 at 4-5, 996 So.2d at 1150 (citing State v. Johnson, 97-1906, p. 7 (La.3/4/98), 709 So.2d 672, 676). Downward departures from the minimum sentence mandated by LSA-R.S. 15:529.1 should only occur in rare situations. State v. Davis, 01-123, p. 9 (La.App. 5 Cir. 7/30/01), 792 So.2d 126, 132. A court may only depart from the mandatory sentence if it finds clear and convincing evidence in the present case that would rebut the presumption of constitutionality. Johnson, 97-1906 at 7, 709 So.2d at 676. The | abunden is on the defendant to rebut the presumption of constitutionality by showing:
[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
Johnson, 97-1906 at 8, 709 So.2d at 676 (quotation omitted).
Defendant did not urge a downward deviation at the time of sentencing. At sentencing, defendant merely stated he would be filing “a motion for appeal, possibly some Dorothy [sic] related motions.” At no time at trial or on appeal has defendant argued or presented any evidence showing any exceptional circumstances to justify a downward departure from the mandatory minimum sentence. Defendant has failed to carry his burden of proof that the sentence imposed was excessive. See State v. Roberts, 08-391 at 5, 996 So.2d at 1150.
Defendant argues that the trial court, in imposing the 30-year sentence, failed to consider mitigating factors under LSA-C.Cr.P. art. 894.1. This Court has recognized that compliance with the sentencing guidelines of LSA-C.Cr.P. art. 894.1 is not required when the sentence imposed is statutorily prescribed under the Habitual Offender Law. See State v. Roberts, 08-391 at 5, 996 So.2d at 1150.
We find no merit to defendant’s allegation that his sentence is constitutionally excessive.
We have reviewed the records in defendant’s conviction (08-KA-1171) and in his multiple bill proceeding (08-KA-1260) for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990) and find the following errors which warrant our attention.
1 inFirst, defendant was not properly advised of the prescriptive period for filing post-conviction relief. The original commitment as well as the multiple bill commitment reflects that defendant was properly advised of the prescriptive period for filing post-conviction relief. After defendant was sentenced, the judge stated he had “two (2) years in which to file an *602 application for post conviction relief.” After the multiple bill sentencing, defendant was advised he had “two years to file an application for post conviction relief.”
This Court has held that the failure to advise a defendant that the prescriptive period runs from the time his conviction and sentence become final is incomplete. State v. Grant, 04-341, p. 5 (La.App. 5 Cir. 10/26/04), 887 So.2d 596, 598 (emphasis as found in original). The transcript prevails when there is a discrepancy between the commitment and the transcript. State v. Lynch, 441 So.2d 732, 734 (La.1983).
Accordingly, we order the trial court to properly advise the defendant of the prescriptive period under LSA-C.Cr.P. art. 930.8 by written notice within ten days of the rendition of this Court’s opinion and then to file written proof in the record that the defendant received the notice.
In addition, the commitment does not clearly reflect that the three-year sentence on count one was imposed at hard labor. It only indicates that defendant’s five-year imprisonment would be at hard labor. However, the transcript reflects defendant’s three-year sentence was imposed at hard labor. The transcript prevails when there is a discrepancy between the commitment and the transcript. Lynch, 441 So.2d at 734. We therefore further order the district court to amend the minute entries to reflect that defendant’s three years sentence is to be served at hard labor and to transmit the amended minute entry to the officer in charge of the institution to which the defendant has been sentenced. See LSA-C.Cr.P.11 art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
With regard to defendant’s enhanced 30 year sentence, we note the following. The penalty for distribution of marijuana includes a maximum fine of $50,000.00. LSA-R.S. 40:966(B)(3). LSA-R.S. 40:981.3 requires the maximum fine be imposed. The State argues that defendant’s enhanced sentence is illegally lenient because the trial court failed to impose the mandatory fine of $50,000.00. Because of this, the State requests that this Court take appropriate action with respect to correcting defendant’s sentence to conform to applicable law. However, the habitual offender statute, LSA-R.S. 15:529.1, does not authorize the imposition of a fine, but only provides for enhanced sentences relating to the term of imprisonment. State v. Moore, 06-875 at 3, 958 So.2d at 39 n. 2 (citing State v. Dickerson, 584 So.2d 1140 (La.1991) (per curiam)). We will not disturb the sentence imposed by the trial court.
We also note that the trial court did not order defendant’s enhanced sentence to be served without benefit of probation or suspension of sentence in accordance with LSA-R.S. 15:529.1(G). This error does not require corrective action, because under State v. Williams, 00-1725, p. 10 (La.11/29/01), 800 So.2d 790, 799, and LSA-R.S. 15:301.1(A), the “without benefits” provision is self-activating. State v. Moore, 06-875, p. 18 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 48.
For the above discussed reasons, the defendant’s conviction and sentence is affirmed. The case is remanded for the trial court to properly inform the defendant of the prescriptive period for post-conviction relief and to amend the minute entry as instructed above.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.