JUDE G. GRAVOIS, Judge.
| ¡^Defendant, Mario Funes, appeals his convictions on three counts of second degree murder. On appeal, he argues that the trial court erred in denying his motion to quash the indictment on the basis that LSA-C.Cr.P. art. 782(A) is unconstitutional for allowing a non-unanimous jury verdict. For the following reasons, we affirm defendant’s convictions.

FACTS AND PROCEDURAL HISTORY

On Thursday, October 30, 2008, at approximately 2:00 p.m., five Hispanic males, later identified as defendant and his co-defendants, entered Gomez’s Bar in Mar-rero, Louisiana, with the intent to rob the bar, which was known to have large amount of cash on hand.[1] A gunfight ensued, during which four victims were killed and defendant was injured. The robbers were apprehended a short time later as they tried to leave the scene.
|sOn February 26, 2009, a Jefferson Parish grand jury indicted defendant and his co-defendants on four counts of second *135 degree murder,[2] all in violation of LSA-R.S. 14:30.1. On March 6, 2009, defendant pled not guilty to the charges.
Defendant filed various omnibus motions, which included motions to suppress statements, identification and evidence, as well as a motion for discovery, for a bill of particulars, and for a preliminary examination. After hearings, the trial court denied defendant’s motion to suppress the identification and defendant’s motion to suppress the evidence.[3] On January 12, 2010, defendant filed a motion to sever that was granted.
Defendant also filed a motion to quash Count II of the indictment, which was granted.[4] At a hearing on March 22, 2010, defense counsel adopted co-defendant Ri-gaberto Funes’ previous motion to quash the bill of indictment that included an argument requesting that LSA-C.Cr.P. art. 782(A) be declared unconstitutional for allowing a non-unanimous jury verdict. This adopted second motion to quash was denied on that date.
After a three-day trial in September of 2010, a unanimous twelve-person jury found defendant guilty on Counts I, III, and IV. Defendant was thereafter sen-fenced to life imprisonment on each count, without the benefit of parole, probation, or suspension of sentence, receiving credit for time served. The sentences were ordered to run consecutively. This timely appeal followed.
| ¿ASSIGNMENT OF ERROR — Constitutionality of LSA-C.Cr.P. art. 782(A)
In his only assignment of error, defendant challenges the constitutionality of LSA-C.Cr.P. art. 782(A), which allows for a non-unanimous jury verdict.[5] In particular, he argues that that article violates the Sixth and Fourteenth Amendments of the United States Constitution. Defendant recognizes that the United States Supreme Court in Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), held that the Constitution does not compel unanimity for verdicts in state criminal cases, but questions the vitality of Apodaca after the decision in McDonald v. City of Chicago, -U.S.-, 130 S.Ct. 3020, 3035, 177 L.Ed.2d 894 (2010).
The State asserts that this claim has no merit, arguing that Louisiana courts have long rejected the claim that a non-unanimous jury verdict is unconstitutional, cit *136 ing State v. Bertrand, 08-2215 (La.3/17/09), 6 So.3d 738; State v. Jones, 381 So.2d 416 (La.1980); and State v. Simmons, 414 So.2d 705 (La.1982). Additionally, the State points out that the McDonald court footnoted Apodaca as an exception to the general rule requiring unanimous jury verdicts in state criminal trials, stating the following:
There is one exception to this general rule. The Court has held that although the Sixth Amendment right to trial by jury requires a unanimous jury verdict in federal criminal trials, it does not require a unanimous jury verdict in state criminal trials.
McDonald, supra, 130 S.Ct. 3020, 3035, fn. 14 (citations omitted).
The State further notes that this assignment of error is moot because the jury verdict was unanimous. The State’s position on this point has merit.
| Jn State v. Jacobs, 07-887, pp. 3-4 (La. App. 5 Cir. 5/24/11), 67 So.3d 535, 545-46, defendant was convicted of two counts of second degree murder under LSA-R.S. 14:30.1 by a unanimous twelve-person jury verdict. This Court found that the defendant did not have standing to challenge the constitutionality of LSA-C.Cr.P. art. 782(A) because he was convicted by a unanimous jury verdict on both counts. Jacobs, 07-887 at 82, 67 So.3d at 535 (citing Burch v. Louisiana, 441 U.S. 130, 132 n. 4, 99 S.Ct. 1623, 1624, 60 L.Ed.2d 96 (1979)). Likewise, defendant in this case was convicted by unanimous verdicts on each count. Thus, defendant lacks standing to challenge the constitutionality of LSA-C.Cr.P. art. 782(A). Defendant’s assignment of error is accordingly denied as moot.
Further, even if defendant had standing to challenge this statute, the United States Supreme Court has long held that non-unanimous juries do not violate a defendant’s Sixth Amendment right to trial by jury, made applicable to the states by the Fourteenth Amendment. State v. Thomas, 10-220, p. 11 (La.App. 5 Cir. 11/9/10), 54 So.3d 678, 685, writs denied 10-2758 (La.4/25/11), 62 So.3d 89, 10-2752 (La.5/20/11), 63 So.3d 974 (citing Apodaca, supra; and Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972)). In State v. Belgard, 410 So.2d 720, 726 (La.1982), the Louisiana Supreme Court followed the United States Supreme Court’s jurisprudence, explaining that “ ‘[tjhis court has consistently held C.Cr.P. art. 782 does not violate the Sixth or Fourteenth Amendments to the United States Constitution.’ ” Thomas, 10-220 at 12, 54 So.3d at 685.

ERRORS PATENT DISCUSSION

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 6175 (La. App. 5 Cir.1990). A review of the record shows no errors patent requiring correction.

CONCLUSION

For the above reasons, we find no merit to defendant’s assignment of error on appeal. Accordingly, defendant’s convictions are affirmed.

AFFIRMED

. Co-defendants were Jose Cornejo-Garcia, Renil D. Escobar-Rivera, Rigaberto Funes, and Pedro A. Navarrete-Duran.

. The bill of information alleged that the victims were Wallace and Beauford Gomez, Wayne Hebert, and Jeffrey Carmadelle.

. The transcript reflects that the trial court denied defendant’s motions to suppress statements and identification; however, the transcript also reflects that defendant did not give a statement and the trial court denied only his motion to suppress identification. It does not appear that the trial court ruled on defendant's motions to suppress the statements, for a preliminary examination, and for a bill of particulars. However, it is well settled that a defendant waives all pending motions by permitting trial to proceed without raising the issue that his pretrial motions were neither heard nor ruled upon. State v. Thomas, 08-1171, p. 5 (La.App. 5 Cir. 4/28/09), 13 So.3d 595, 599.

. The basis of that motion to quash was facts suggesting that one victim, Beauford Gomez, was killed by a bullet fired by another victim, Wallace Gomez.

. LSA-C.Cr.P. art. 782(A) provides, in pertinent part, that ”[c]ases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict.” This article is a counterpart to LSA-Const. art. 1, § 17(A), which provides: "A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict.”