SUSAN M. CHEHARDY, Judge.
On January 7, 2008, Dave Wilson was charged by bill of information with one count of armed robbery and one count of first degree robbery. He pleaded not guilty at arraignment, but he later withdrew the not guilty plea and pleaded guilty as charged to both counts. On June 22, 2009, the defendant was sentenced to 30 years at hard labor on both counts one and two, without benefit of parole, probation, or suspension of sentence, with the sentences to run concurrently. On March 29, 2010, the defendant was granted an out-of-time appeal.

FACTS

There were no motion hearings or trial in this case, so the facts surrounding the instant offense are found in the bill of information and in the prosecutor’s factual basis stated at the time of the guilty plea. The bill of information alleged that on October 10, 2007, the defendant violated La. R.S. 14:64 “in that he did rob Raquel Munoz while armed with ... a firearm” and that on the same date, the defendant violated La. R.S. 14:64.1 “in that he did rob Carol Corvin while leading [her] to reasonably believe that he was armed with a dangerous weapon.”
At the time of the guilty plea, the prosecutor stated:
Your Honor, the State will allege and prove beyond a reasonable doubt that on October 10, 2007, as to count 1, victim Racquel, we know were [sic] at a Walgreen’s on Airline Drive in the parish of Jefferson [awhen a person approached here [sic] and asked for her purse and said he had a gun. She turned around and saw a two-tone-semi-automatic gun. She was then pushed, and her purse was taken, and the description of the man she gave to the police was later confirmed on a video when the man was attempting to use some of the items taken in the purse from that particular robbery.
As to Count 2, Your Honor, the State will allege and prove that a Carol Colvin was, again, accosted in a parking lot. This time in the Wal-Mart in Harahan, at which time, she began to fight with the assailant, and that caused the assailant to bite the victim. The victim’s bite was later tested for DNA evidence, which it was positive, and that DNA evidence was obtained and expertly analyzed to be the blood of — the DNA of the defendant, Dave Wilson, both of which occurred in the parish of Jefferson, Your Honor, both of which were reported to the sheriffs office and investigated appropriately, both of which victims identified defendant.
In response to questioning by the court, the defendant admitted he was pleading guilty because he was in fact guilty.

*1262
ANDERS BRIEF

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990),[1] appointed appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and to State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly 14frivolous after a conscientious examination of it.[2] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion Land order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
The defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Counsel states that the facts recited by the prosecutor were sufficient to support the charges of armed robbery and first degree robbery. Counsel notes that the record contains no motions filed on the defendant’s behalf, but that the defendant did file two pro se *1263 motions, one for discovery and the other for a continuance, which appear to have been ruled upon by the district court. Counsel points out that although there does not appear to be a formal ruling on the motion for discovery, at a recorded pre-trial conference defense counsel referred to the receipt of discovery, the receipt of supplemental discovery, and requests a continuance, which was granted.
Counsel indicates the district court advised the defendant of his rights prior to accepting his guilty plea.[3] He further notes that the court’s colloquy and the plea form signed by the defendant and his counsel indicate the defendant was informed of and considered the thirty-year sentences. Appellate counsel states that with the plea agreement the State agreed not to file a multiple offender bill of information. Counsel points out that the defendant received a negotiated sentence, and that La.C.Cr.P. art. 881.2 prohibits a defendant from appealing a sentence that resulted from a plea agreement.
Appellate counsel has filed a motion to withdraw as attorney of record, which states he has mailed the defendant a copy of his brief. In addition, this Court sent the defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until August 11, 2010, to file a pro se supplemental brief. The defendant has not filed a pro se brief.
The State filed a response to appellate counsel’s brief, noting that the brief shows a complete and thorough recitation of the procedural history of the case, as well as a detailed statement of fáets pertinent to the conviction, with citations to the record to assist the appellate court. The State contends that counsel has “east an advocate’s eye” over the record and found no significant non-frivolous issues upon which to base an appeal. The State requests that this Court affirm the defendant’s conviction and sentence.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. The only pre-trial motions the defendant filed were pro se motions for discovery and for a continuance, and no formal ruling on these appears in the record.
A defendant waives all pending motions by permitting trial to proceed without raising the issue that his pretrial motions were neither heard nor ruled upon. State v. Fletcher, 02-707, p. 5 (La.App. 5 Cir. 12/30/02), 836 So.2d 557, 559, writ denied, 03-0409 (La.10/10/03), 855 So.2d 334.
The district court properly advised the defendant of the right to a jury trial, the right of confrontation, and the privilege against self-incrimination, as required by Boykin, supra. The judge also explained to the defendant the offenses with which he was charged, the sentencing ranges for those offenses, and the sentences he would receive in accordance with the plea agreement. The defendant acknowledged that he understood his rights, and that he wished to waive them and to enter a guilty plea. In addition, the defendant, his attorney, and the judge *1264 signed a guilty plea form that enumerated the defendant’s rights, detailed the sentencing ranges for the charged offenses, and explained the sentences the defendant would receive under the plea agreement.
The defendant’s concurrent thirty-year sentences present no appealable errors. Both were imposed pursuant to a plea agreement. La.C.Cr.P. art. 881.2(A)(2) provides, in part, "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” Further, the defendant’s sentences are within the statutory sentencing range.
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we will grant counsel’s motion to withdraw.

ERROR PATENT DISCUSSION

We reviewed the record for patent errors, pursuant to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We have found a patent error relating to the trial judge’s advice of the defendant’s post-conviction relief rights.
Although the commitment reflects the defendant was properly advised of the prescriptive period for seeking post-conviction relief, according to the transcript it appears the trial judge’s advisal was incomplete. The defendant was orally advised he had “two years from today’s date to seek post-conviction relief.” This Court has held that the failure to advise a defendant that the prescriptive period runs from the time his conviction and sentence become final makes the advice incomplete. State v. Grant, 04-341, p. 5 (La.App. 5 Cir. 10/26/04), 887 So.2d 596, 598 (emphasis in original).
According to State v. Lynch, 441 So.2d 732, 734 (La.1983), where there is a discrepancy between the transcript and the minute entry or the commitment, the transcript prevails.
La.C.Cr.P. art. 930.8 provides, “No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final.”
Accordingly, we advise the defendant by this opinion that no application for post-conviction relief, including applications that seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La.C.Cr.P. arts. 914 and 922.[4]
For the foregoing reasons, the defendant’s convictions and sentences are affirmed. The motion to withdraw as counsel is granted.

CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. The United States Supreme Court most recently reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the defendant was advised of his privilege against compulsory self-incrimination; his right to. trial and to a jury trial; and his right to confront his accuser.

. State v. Davenport, 08-463, p. 11 (La.App. 5 Cir. 11/25/08), 2 So.3d 445, 451, writ denied, 2009-0158 (La.10/16/09), 19 So.3d 473.